2006 WY 80

**Robin MURDOCK and Carol Murdock, a/k/a Robert B. Murdock and Carol R. Murdock, Appellants (Defendants),**

v.

**David D. ZIER, Appellee (Plaintiff).**

No. 05–231.

Supreme Court of Wyoming.

June 30, 2006.

Representing Appellant: Thomas P. Keegan of Bormuth Law Associates, L.C., Cody, Wyoming; * Scott Kolpitcke of Copenhaver, Kath, Kitchen & Kolpitcke, LLC, Powell, Wyoming. Argument by Mr. Kolpitcke.

Representing Appellee: Matthew D. Winslow of Winslow Law Firm, P.C., Cody, Wyoming; ** Laurence W. Stinson of Bonner Stinson, P.C., Powell, Wyoming. Argument by Mr. Stinson.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, BURKE, JJ.

GOLDEN, Justice.

[¶ 1] David Zier and Robin and Carol Murdock (as husband and wife) own adjoining tracts of land. Because of a mistaken property boundary line, Mr. Zier is in possession of, and has continuously used, a small parcel of land to which the Murdocks possess title. Mr. Zier brought an action to quiet title in himself, claiming title through adverse possession. The district court granted summary judgment on Mr. Zier's petition to quiet title. The Murdocks appeal. We affirm.

## ISSUES

[¶ 2] The Murdocks present four issues for this Court's review:

1. Whether the Court below erred in finding that the offer to purchase the property and the Appellee's recognition of superior title interrupted any period of adverse possession and negated the neces-

---

* Order Allowing Substitution of Counsel entered January 4, 2006

** Order Allowing Substitution of Counsel entered December 28, 2005

sary elements of hostile intent or claim of right? [sic]

2. Whether the burden shifting framework set forth in *Hillard v. Marshall* abrogates long-established Wyoming law that hostile intent under claim of right or color of title is a required element to prove adverse possession?

3. Whether Rule 408 of the Wyoming Rules of Evidence is applicable to the offer to purchase where there was no actual dispute and there was no claim of right?

4. Whether the Appellee has failed to present a *prima facie* case, thus entitling the Appellants to summary judgment and a decree of ejectment and writ of possession?

## FACTS

[¶ 3] The Murdocks and Mr. Zier own adjoining tracts of land, Tract 10 and Tract 11, respectively. The Murdocks bought Tract 10 on September 3, 1982, while Mr. Zier bought Tract 11 in March 1991. Both tracts of land have been, and continue to be, used generally for agricultural and grazing purposes, customary uses of land in that area. Mr. Zier's tract is situated roughly to the east of the Murdocks' tract. A county road, established in 1952, runs between the two properties. At the time the road was dedicated, the respective predecessors in interest to the Murdocks and Mr. Zier acknowledged that the road was the proper boundary between the two properties. In fact, the record indicates that the boundary, as represented by the county road, has not changed since 1918.

[¶ 4] It is undisputed that, until 1998, both the Murdocks and Mr. Zier believed the county road to be the proper boundary line between the two properties. Mr. Murdock believed he owned the property up to the west half of the county road and Mr. Zier owned the land up to the east half of the county road. In 1998, Mr. Zier had his property, Tract 11, surveyed. The survey revealed a discrepancy between the land Mr. Zier had historically used and the legal description of his tract. A strip of land on the east side of the county road fell within the deed description of Tract 10, and not Tract

11 as had always been presumed. It is this strip of land, comprised of approximately 1.4 acres, that is the subject of the instant dispute.

[¶ 5] It is undisputed that the Murdocks did not know they had an interest in any property on the east side of the county road until the survey. Mr. Murdock testified that from 1982, when he bought Tract 10, until 2004, the disputed parcel was used continuously and openly by Mr. Zier and his predecessors in interest for agricultural and grazing purposes. In 1982, Tract 11 was owned and being used by Earl Sullivan. Mr. Murdock testified that Mr. Sullivan used the disputed parcel to grow corn and graze cattle. In 1987, the Wyoming Farm Loan Board bought Tract 11. The Board immediately leased the property to Randy Olson, the term of the lease being from 1987 until 1991. Mr. Murdock testified that he saw Mr. Olson growing hay and grazing livestock on the disputed parcel. Mr. Zier bought Tract 11 from the Board in 1991. Mr. Zier used the disputed parcel for growing crops, grazing cattle and depositing "junk." Mr. Zier also owns a small building situated on the disputed parcel. At no time did Mr. Zier or his predecessors in interest ask the Murdocks for permission to use the disputed parcel. At no time did Mr. or Mrs. Murdock ever give consent for the use of the disputed parcel. At no time did the Murdocks ever share in the profits or rents from the disputed parcel.

[¶ 6] In 1998, upon learning of the discrepancy between the true and assumed boundary lines, Mr. Zier offered to purchase title to the disputed parcel from the Murdocks. Purchase terms, however, could not be agreed upon and nothing more was said about the matter. Mr. Zier continued to use the disputed parcel as before. He did not ask permission from the Murdocks for his continued use, nor did the Murdocks expressly give permission or object to Mr. Zier's continued use.

[¶ 7] This state of affairs continued until 2004, when the Murdocks gave Mr. Zier notice that they intended to fence off the disputed parcel for their own use. Mr. Zier

brought the instant petition to quiet title, claiming ownership through adverse possession. The Murdocks, as the record title owners, counterclaimed for ejectment. Mr. Zier moved for summary judgment. After a hearing, his motion was granted, and the district court ordered the title to the disputed parcel be quieted to Mr. Zier.

## DISCUSSION

### Standard of Review

[¶ 8]   This Court invokes its usual standard for review for summary judgments when reviewing a summary judgment granting a petition for a declaratory judgment. *Laughter v. Board of County Comm'rs for Sweetwater County,* 2005 WY 54, ¶ 9, 110 P.3d 875, 879 (Wyo.2005); *Pullar v. Huelle,* 2003 WY 90, ¶ 6, 73 P.3d 1038, 1039–40 (Wyo. 2003); *Goglio v. Star Valley Ranch Ass'n,* 2002 WY 94, ¶ 12, 48 P.3d 1072, 1076 (Wyo. 2002). When a motion for summary judgment is before this Court, assuming there is a complete record, we have exactly the same duty and materials as did the district court and must follow the same standards. *Pullar,* ¶ 6, 73 P.3d at 1039; *Bertagnolli v. Louderback,* 2003 WY 50, ¶ 10, 67 P.3d 627, 630 (Wyo.2003). Pursuant to W.R.C.P. 56, summary judgment can be granted only when no genuine issues of material fact are present and the moving party is entitled to judgment as a matter of law.

[¶ 9]   This Court evaluates the record from the viewpoint most favorable to the party opposing the motion for summary judgment, giving that party all the favorable inferences which may be drawn from the facts contained in affidavits, depositions, and other materials appearing in the record. *Ballinger v. Thompson,* 2005 WY 101, ¶ 9, 118 P.3d 429, 433 (Wyo.2005). Questions of application of the law, including identification of the correct rule, are considered *de novo.* We accord no deference to the decision of the district court on questions of law. *Board of County Comm'rs v. Geringer,* 941 P.2d 742, 745 (Wyo.1997). If the summary judgment can be affirmed under any proper legal theory supported by the record, we will do so.

*Fontaine v. Board of County Comm'rs of Park County,* 4 P.3d 890, 892 (Wyo.2000).

### Adverse Possession

[¶ 10]   On appeal, the Murdocks are challenging the district court's application of the doctrine of adverse possession. Title to land is obtained through adverse possession if possession is "actual, open, notorious, exclusive, and continuous for the statutory period, hostile, and under color of title or claim of right." *City of Rock Springs v. Sturm,* 39 Wyo. 494, 502, 273 P. 908, 910 (1929); *see Davis v. Chadwick,* 2002 WY 157, ¶ 9, 55 P.3d 1267, 1270 (Wyo.2002). Possession is hostile when the possessor holds and claims property as his own, whether by mistake or willfully. *See Miller v. Stovall,* 717 P.2d 798, 805 (Wyo.1986), *overruled on other grounds, Ferguson Ranch, Inc. v. Murray,* 811 P.2d 287, 290 (Wyo.1991). The statutory period in Wyoming is ten years. Wyo. Stat. Ann. § 1–3–103 (LexisNexis 2005).

[¶ 11]   In the proceedings below, Mr. Zier primarily argued that, by possessing the disputed parcel since he bought Tract 11 in 1991, he obtained title to the disputed parcel in 2001. In the alternative, Mr. Zier argued that he should be allowed to tack his time of adverse possession with the period of adverse possession by his predecessors in interest. Title to the disputed parcel would thereby have vested in him at an even earlier date. The Murdocks did not dispute that Mr. Zier actually used the disputed parcel of land openly, notoriously, exclusively and continuously from the time Mr. Zier bought Tract 11. Rather, the main defense presented by the Murdocks was that Mr. Zier, by offering to purchase title in 1998, acknowledged their superior title to the property. By doing so, argue the Murdocks, Mr. Zier interrupted the running of the ten year statutory period for the maturation of a claim for adverse possession by destroying the hostile nature of his possession of the disputed parcel.

[¶ 12]   The district court found that Mr. Zier "should prevail on his adverse possession claim for the period running from 1991 to 2004." Regarding the argument put forward by the Murdocks, the district court

found that Mr. Zier's 1998 offer to purchase the disputed parcel "does not nullify the years of adverse possession which took place in this case."[1] Because of its holding that Mr. Zier adversely possessed the disputed parcel from 1991 until 2004, it expressly declined to address Mr. Zier's argument that he be allowed to tack his adverse possession with that of his predecessors in interest.

[¶ 13] We agree that there is no issue of material fact and Mr. Zier is entitled to judgment as a matter of law. In fact, given the fifty plus years of possession and use of the disputed parcel by the owners of Tract 11, this case presents such a classic case of adverse possession that, "if we failed to uphold the judgment herein, we should practically be driven to the position that our statute permitting title to be acquired by adverse possession means little or nothing." *Sturm*, 39 Wyo. at 503, 273 P. at 911. Our reasoning, however, is slightly different from that of the district court. Under the specific facts of this case, the evidence unequivocally establishes that Mr. Zier acquired title to the disputed parcel by adverse possession in 1992.

[¶ 14] Mr. Zier acquired title by tacking his period of adverse possession with that of his immediate predecessors in interest. Under the doctrine of "tacking," "where there is privity between persons successively in possession holding adversely to the true title continuously, the successive periods of occupation may be united to make up the time prescribed by statute." *Bryant v. Cadle*, 18 Wyo. 64, 87, 104 P. 23, 27 (1909); *see Rutar Farms & Livestock, Inc. v. Fuss*, 651 P.2d 1129, 1137 (Wyo.1982). Privity in this case was never questioned. The record chain of title to Tract 11 establishes privity between Mr. Zier and his predecessors in interest back to 1938. Each owner of Tract 11 put the subsequent owner of Tract 11 in actual physical possession of the disputed parcel.

[¶ 15] The remaining question is whether Mr. Zier's predecessors in interest adversely possessed the disputed parcel. The law of adverse possession in a mistaken boundary case was established by Justice Blume in our previously cited case of *City of Rock Springs v. Sturm*, 39 Wyo. 494, 273 P. 908 (1929):

> In conclusion on this point: The law contemplates that rights in land may be lost to another by means of adverse possession. We are not the judges of the wisdom of that. The prime object in prescribing how much adverse possession shall be made manifest, of what elements or requisites it shall be composed, is to advise the real owner that his ownership is in danger, and the law has deemed the time fixed as sufficiently long, so as to give him ample opportunity to protect his right; and if he fails to do so, when thus advised, within the time fixed, he is considered as having acquiesced in the transfer of ownership. *Monnot v. Murphy*, 207 N.Y. 240, 100 N.E. 742. Bearing this in mind, it is a reasonable rule that, when a man has occupied a piece of ground, though under a mistaken belief as to the true boundary, for the period prescribed by law, openly, notoriously, exclusively, and in a manner plainly indicating that he acted as owner thereof, the presumption should be, in the absence of explanatory circumstances showing the contrary, that he occupied the land adversely and under a claim of right, casting the burden of explaining such possession upon the person who disputes his right.

39 Wyo. at 517, 273 P. at 915–16. *See Davis*, ¶ 9, 55 P.3d at 1270; *Hillard v. Marshall*, 888 P.2d 1255, 1259 (Wyo.1995).

[¶ 16] In this case, the deposition testimony of the Murdocks reveals that, from the time they bought Tract 10 in 1982, they had actual knowledge that the disputed parcel was in continuous use by the record owners of Tract 11 or their lessees. From 1982 until 1998, the Murdocks believed they owned the property up to their (west) half of the county road and that Mr. Zier and his predecessors in interest owned the property up to their (east) half of the county road. Consistent

---

1. Since the district court clearly accepted the offer to purchase title as evidence for purposes of the motion for summary judgment, Issue 3 presents a purely hypothetical question, which we will in no event address.

with this belief, the Murdocks did not attempt to exercise any control over the disputed parcel nor did they give permission to anyone to use the parcel. For their part, no owner of Tract 11 sought permission from the Murdocks for their use of the disputed parcel.

[¶ 17] The undisputed testimony thus establishes that, from at least 1982 forward, the successive owners of Tract 11 used the disputed parcel openly, notoriously, exclusively and in a manner plainly indicating that they were acting as owner thereof. This use was not permissive and was done under a claim of right. All the requisite elements of adverse possession are met.[2] Once all the elements of adverse possession are met, the possessor is vested with a fully new and distinct title. No judicial action is necessary. *Doenz v. Garber*, 665 P.2d 932, 935 (Wyo. 1983); *Stryker v. Rasch*, 57 Wyo. 34, 51, 112 P.2d 570, 577 (1941). Relying on the Murdocks' positive deposition testimony that the disputed parcel was possessed adversely to their interest since they bought Tract 10 in September 1982, the statutory period for adverse possession ran in September 1992. September 1992, then, is when Mr. Zier, as the then current possessor, became vested with new title to the disputed parcel.

[¶ 18] The Murdocks argue that Mr. Zier should not be allowed to tack the time of possession of his predecessors in interest onto his time of adverse possession because there is no information in the record establishing the use of the property by the Wyoming Farm Loan Board. We disagree. The record reflects that the Wyoming Farm Loan Board bought Tract 11 in 1987 and immediately leased the property to Mr. Olson. Mr. Olson took possession of the property and used the property, including the disputed parcel, for agricultural and grazing purpose. This use continued until the Board sold Tract 11 to Mr. Zier in 1991. The Murdocks also claim that the Board did not take the disputed parcel under color of title. It has long been established in Wyoming, however, that, color of title is not necessary when there is actual possession. *Trefren v. Lewis*, 852 P.2d 323, 325–26 (Wyo.1993); *Kranenberg v. Meadowbrook Lodge, Inc.*, 623 P.2d 1196, 1199 (Wyo.1981); *Sturm*, 39 Wyo. at 502, 273 P. at 910; *Bryant*, 18 Wyo. at 86, 104 P. at 27.

[¶ 19] Once it is understood that Mr. Zier was vested with legal title to the disputed parcel in 1992, the argument presented by the Murdocks that Mr. Zier interrupted the statutory period in 1998 is not well-founded. The statutory period had already run.[3] Once vested, title "can only be divested by conveyance, descent or operation of law." *Sanders v. Lidle*, 674 P.2d 1291, 1293 (Wyo.1984). It is settled that "an acknowledgment of the title of a prior owner does not serve to divest a title previously acquired by adverse possession." *Meyer v. Ellis*, 411 P.2d 338, 341–42 (Wyo.1966).

## CONCLUSION

[¶ 20] The undisputed evidence establishes that Mr. Zier and his predecessors in interest possessed the disputed parcel adversely to the interest of the Murdocks since the Murdocks bought Tract 10 in 1982. Legal title therefore vested in Mr. Zier in 1992. Mr. Zier's offer to purchase title to the disputed parcel in 1998, after the mistaken boundary line was discovered, had no effect on his vested title. In light of our determination that title vested in Mr. Zier in 1992, we need not further address the issues raised by the Murdocks. The decision of the district court is affirmed.

---

2. In this case it matters little what presumption is applied or who has the burden of production since the evidence supporting the elements of adverse possession between 1982 and 1992 is undisputed and unambiguous.

3. The offer has no relevance to the intent of Mr. Zier and his predecessors in interest during the running of the statutory period since it is undisputed that they used the disputed parcel during this time under the belief that they owned the parcel. Cf. *Miller*, 717 P.2d at 805 ("A party's conduct after the time he claimed to have acquired title by adverse possession might be said to have little relevance, but this court believes that such later conduct also indicates his intent during the period of asserted adverse possession.")