2007 WY 12

**Robert E. HINCKS, Appellant (Plaintiff),**

v.

**WALTON RANCH COMPANY,
a Wyoming corporation,
Appellee (Defendant).**

**No. 06–111.**

Supreme Court of Wyoming.

Jan. 23, 2007.

Representing Appellant: Richard J. Mulligan of Mulligan & Owens, LLC, Jackson, Wyoming; Heather Noble, Jackson, Wyoming. Argument by Ms. Noble.

Representing Appellee: Bradford S. Mead of Mead & Mead, Jackson, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

KITE, Justice.

[¶ 1]   Robert E. Hincks was injured when the vehicle in which he was riding struck a cow. He filed negligence claims against the driver of the vehicle, David E. Carpenter, and the owner of the cow, Walton Ranch Company (Walton). He settled his claims against Mr. Carpenter. Mr. Hincks and Walton proceeded with discovery and Walton filed a motion for summary judgment. After a hearing, the district court granted the motion, holding there was no evidence of negligence on Walton's part. Mr. Hincks appeals the order granting summary judgment. We conclude genuine issues of material fact existed precluding summary judgment and reverse.

### ISSUE

[¶ 2]   The issue for our consideration is whether a genuine issue of material fact existed on Mr. Hincks' claim that Walton was negligent in permitting a cow to get out of its pasture onto a public highway.

### FACTS

[¶ 3]   On May 14, 2004, at approximately 11:00 p.m., Mr. Hincks was riding in a vehicle driven by Mr. Carpenter on Highway 22 near Jackson, Wyoming. The vehicle struck a cow that had wandered onto the highway. The cow was owned by Walton and had been pastured on Walton land located along the north side of the highway.

[¶ 4]   At the scene of the accident, a private gravel driveway intersects Highway 22 from the north side. The driveway, called Iron Rock Road, runs along the west side of the Walton property and is separated from it by a post and wire fence with a gate leading to the pasture.

[¶ 5]   Mr. Hincks claimed Walton was negligent in permitting livestock to roam at large onto a public highway in violation of Wyo. Stat. Ann. § 11–24–108 (LexisNexis 2005) which provides in pertinent part:

(a)   No owner or person having custody or charge of livestock shall permit the livestock to run at large in any fenced public highways in Wyoming as defined in W.S. § 31–1–101.

The parties conducted discovery and Walton filed a motion for summary judgment, claiming the only facts presented were: Walton owned the cow; it was on the road; it got out of the pasture; the vehicle hit the cow; Mr. Hincks was injured. Walton claimed these facts were insufficient to establish negligence under Wyoming law.

[¶ 6]   After a hearing, the district court granted Walton's motion for summary judgment. The district court concluded evidence that the cow was on the road did not establish a violation of § 11–24–108. Citing *Nylen v. Dayton*, 770 P.2d 1112, 1115 (Wyo.1989), the district court concluded the statute required proof of knowledge, consent, willfulness or equivalent negligence on the livestock owner's part. Finding no evidence of knowledge, consent, willfulness or equivalent negligence on Walton's part, the district court concluded no statutory violation occurred and summary judgment was proper. Mr. Hincks appeals from the district court's order granting summary judgment.

## STANDARD OF REVIEW

[¶ 7]   When reviewing an order granting a summary judgment motion, we consider the record *de novo*. *Knapp v. Landex Corp.*, 2006 WY 36, ¶ 7, 130 P.3d 924, 926 (Wyo.2006).

## DISCUSSION

[¶ 8]   Mr. Hincks claims genuine issues of material fact existed precluding summary judgment on his claim that Walton was negligent. Our review of orders granting summary judgment is governed by W.R.C.P. 56(c), which provides in pertinent part:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the moving party is entitled to a judgment as a matter of law.

When reviewing a summary judgment, we view the evidence in the light most favorable to the party opposing the motion and give that party the benefit of all favorable inferences which may be fairly drawn from the record. *Cathcart v. State Farm Mut. Auto. Ins. Co.*, 2005 WY 154, ¶ 11, 123 P.3d 579, 586 (Wyo.2005). A genuine issue of material fact exists when a disputed fact, if proven, would have the effect of establishing or refuting an essential element of an asserted cause of action or defense. *Wyo. Downs Rodeo Events, LLC v. State*, 2006 WY 55, ¶ 11, 134 P.3d 1223, 1228 (Wyo.2006).

[¶ 9]   Viewed in the light most favorable to Mr. Hincks, the evidence presented during the summary judgment phase of this case showed the cow that Mr. Carpenter's vehicle struck belonged to Walton and was pastured on Walton property on the northeast side of the intersection of Highway 22 and Iron Rock Road. Walton maintained the fence between Iron Rock Road and the pasture. Mr. Carpenter testified he inspected the gate after the accident and the wire loop that goes over the top of the gate post to hold it closed was not connected, leaving an opening of approximately two feet. He testified it "looked like a cow had been rubbing on it and it probably broke loose from the cow's weight."

[¶ 10]   William Cawley, a Walton employee, testified that when he arrived at the scene shortly after the accident, he inspected the fence and found the stay was out of the bottom rung on the south end of the gate, leaving the bottom of the gate unfastened.

He testified he thought maybe the cow got out of the pasture through the opening at the bottom of the gate. Trooper Shannon Basaraba of the Wyoming Highway Patrol testified the fence was damaged. He testified it looked like something had pushed or scraped at the fence and opened it up. Deputy Curt Drumheller of the Teton County Sheriff's Office testified that on one of the sections of the fence along the driveway all of the strands of wire between two of the posts were down on the ground, allowing access in and out of the pasture.

[¶ 11] As the above testimony reflects, there was a conflict in the testimony as to the nature of the opening in the fence. However, all of the witnesses testified that they observed an opening in the fence between the Walton pasture and Iron Rock Road, either because the fence was damaged or because the gate was not secured. Despite this testimony, the district court concluded the evidence was not sufficient to establish negligence on Walton's part because, while it showed the cow was on the highway, it did not show Walton's knowledge, consent, willfulness or equivalent negligence. In reaching this result, the district court relied on *Nylen.*

[¶ 12] We disagree with the result reached by the district court and its interpretation of *Nylen.* In *Nylen,* a truck driver was injured when his truck collided with a horse owned by Dayton Ranches that had wandered onto the highway. Prior to the accident, the horse had been kept in pastures owned by Dayton Ranches adjacent to the highway. No evidence was presented showing how the horse got out of the pasture. Evidence was presented that the pasture gate was closed at the end of the work day on the date of the accident.

[¶ 13] The injured truck driver filed a complaint alleging Dayton Ranches was negligent per se or alternatively that § 11–24–108 created a rebuttable presumption of negligence. The district court granted summary judgment for Dayton Ranches concluding no evidence of negligence was presented and Wyoming law does not subject livestock owners to strict liability, negligence per se or

presumptions of negligence. We affirmed, stating:

> [I]n the instant case, where appellant has admittedly failed to present any evidence of appellees' negligence, the mere presence of the horse on the highway fails to establish a violation of the statute and, in the absence of a statutory violation, there can be no question of negligence per se or a rebuttable presumption of negligence.

*Nylen,* 770 P.2d at 1116–1117.

[¶ 14] The present case is easily distinguished from *Nylen* where the only evidence was a closed gate and a horse on the road and no evidence from which an inference could be made as to how the horse got out of the pasture and onto the road. In contrast, the evidence in Mr. Hincks' case suggested the cow got out of the pasture onto the highway through a damaged section of the fence or an unsecured gate. Additionally, unlike the injured party in *Nylen,* Mr. Hincks did not claim § 11–24–108 created negligence per se or a rebuttable presumption of negligence. Rather, he claimed the evidence of the damaged fence established a genuine issue of material fact as to whether Walton was negligent. Stated another way, Mr. Hincks asserted a genuine issue of material fact existed as to whether Walton, by failing to exercise reasonable care to properly secure the gate or maintain the fence, permitted the cow to escape and run at large on Highway 22 in violation of the statute.

[¶ 15] Given the evidence and Mr. Hincks' assertions, the instant case is more akin to *Roitz v. Kidman,* 913 P.2d 431 (Wyo. 1996) than it is to *Nylen.* In *Roitz,* a passenger was killed when the vehicle in which he was riding struck some cattle on a county road. The deceased passenger's parents filed a complaint against the ranchers who owned the cattle claiming they were negligent in failing to keep their livestock off the road.

[¶ 16] Evidence was presented that the cattle had to travel through two gates to reach the spot where the accident happened. The upper gate was open on the night of the accident. Conflicting testimony was presented as to whether the ranchers' practice was to keep it open or closed. The lower gate

was also open on the night of the accident, giving the cattle access to the highway. Ranch employees testified they checked the lower gate and found it closed on the afternoon of the accident but did not check it that evening as was customary.

[¶ 17] The district court held the ranchers were not negligent and granted their motion for summary judgment. This Court reversed, holding that genuine issues of material fact existed as to whether the ranchers were negligent. We said:

A jury should determine what type of precautions the ranchers, as reasonable persons under all the circumstances, should have taken to keep their cattle off the roadway. For example, should the ranchers have kept the gates closed and, if so, what actions should they have taken to ensure that the gates remained closed? A jury must also determine from the conflicting evidence what precautions were actually taken by the ranchers to ensure that their cattle were not running at large on the roadway.

*Roitz*, 913 P.2d at 435.

[¶ 18] As in *Roitz*, we hold Mr. Hincks raised genuine issues of material fact as to whether Walton was negligent. The witnesses agreed an opening existed in Walton's fence through which the cow could have escaped. A jury must determine from the conflicting evidence how the cow escaped and whether Walton took reasonable precautions to keep the cow from escaping. We made it clear in *Nylen*, where no evidence was presented to show how the horse got through the fence, that the mere escape of livestock onto the road is not evidence of the livestock owner's negligence. However, unlike *Nylen*, some evidence was presented here to show the cow could have gotten through the fence and onto the road through an unsecured gate or damaged section of fence. This evidence was sufficient to raise a jury question concerning whether Walton permitted the cow to escape by failing to exercise reasonable care in constructing, maintaining or inspecting the gate or fence or whether, instead, Walton exercised reasonable care and the cow simply rubbed the gate down during the night.

[¶ 19] Reversed.