2007 WY 44

**Fran GILLETT, Appellant (Defendant),**

v.

**Michael WHITE and Pamela White, Appellees (Plaintiffs).**

**No. 06–144.**

Supreme Court of Wyoming.

March 14, 2007.

---

Representing Appellant: Tony S. Lopez, Laramie, Wyoming.

Representing Appellees: Mason F. Skiles of Skiles & Associates, LLC, Laramie, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

KITE, Justice.

[¶ 1]   Fran Gillett appeals from an order granting summary judgment to Michael and Pamela White on their complaint to have title to a strip of land quieted in them on the basis of adverse possession.  Ms. Gillett claims summary judgment was improper because a genuine issue of material fact existed as to whether the fence separating the strip of land from her property was a fence of convenience; the requisite ten year period for adverse possession was not met; and adverse possession can be used only as an affirmative defense, not an affirmative claim as the Whites used it.  We conclude no genuine issue of material fact existed; therefore, summary judgment was proper.

## ISSUE

[¶ 2]   The issue for our determination is whether the district court properly granted summary judgment quieting title to the strip of land in the Whites.

## FACTS

[¶ 3]   Morris and Vivian Stille owned land in Albany County, Wyoming.  In 1983, the Stilles sold the north half of the property to Marion and Constance Confer.  The boundary between the two properties was marked by a barbed wire fence.

[¶ 4]   In 1988, the Whites purchased the Confers' property.  At the time of purchase, the Whites understood from the Confers that the barbed wire fence marked the southern boundary of their property. In 1997, Ms. Gillett and her then husband purchased the Stilles' property.  The Gilletts divorced in 2001, and ownership of the property was conveyed to Ms. Gillett by quitclaim deed.

[¶ 5]   Ms. Gillett had her land surveyed in 2004 and discovered that approximately one acre of her property was enclosed inside the barbed wire fence on the Whites' side of the boundary.  She informed the Whites that she intended to move the fence to the legal boundary and in 2005 the Whites filed their complaint seeking to have title to the strip of land quieted in them.  While conceding Ms. Gillett held legal title to the strip of land, the Whites claimed they had maintained actual, open, notorious, exclusive, continuous and hostile possession of the strip since purchasing their property in 1988.  They further claimed the strip had been on their side of the fence and constantly and uninterruptedly used by them and the previous owners since 1983.  They asked the district court to grant exclusive ownership of the strip to them and order the execution of a warranty deed naming them as the owner.

[¶ 6]   After Ms. Gillett answered the complaint, the Whites filed a motion for summary judgment.  With the motion, they filed an affidavit in which they stated that the barbed wire fence on the south side of the property had constituted the boundary line between the two properties since 1983 and had never changed.  They also stated they had maintained actual, open, exclusive and continuous possession of the strip on their side of the fence under a claim of right since 1988 and had used the strip as an integral part of their ranch operation since that time.

[¶ 7] Ms. Gillett responded to the summary judgment claiming the Stilles erected the fence as a matter of convenience. Ms. Gillett further asserted that when the Stilles sold the north half of the property to the Confers, the parties agreed as a matter of convenience to maintain the fence in its existing location rather than go to the expense of moving it onto the actual legal boundary between the two properties. Ms. Gillett also claimed the ten year period for claiming adverse possession stopped when she and her husband purchased the parcel in 1997. Finally, she argued under Wyoming law adverse possession is to be utilized as a shield, not as a sword; thus, it is available only as an affirmative defense, not an affirmative cause of action as the Whites were attempting to use it.

[¶ 8] After a hearing, the district court granted the motion for summary judgment. The court concluded the Whites used the disputed strip of land in a manner sufficient to put Ms. Gillett on notice of adverse use. More specifically, the court concluded the Whites used the strip of land for over ten years and their use was open, notorious, visible, exclusive and hostile. The district court entered an order consistent with its decision.

## STANDARD OF REVIEW

[¶ 9] When reviewing an order granting summary judgment, we consider the record *de novo*. *Hincks v. Walton Ranch Co.*, 2007 WY 12, ¶ 7, 150 P.3d 669, 670 (Wyo.2007). Our review of orders granting summary judgment is governed by W.R.C.P. 56(c), which provides in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

When reviewing a summary judgment, we view the evidence in the light most favorable to the party opposing the motion and give that party the benefit of all favorable inferences which may be fairly drawn from the record. *Hincks*, ¶ 8, 150 P.3d at 670. A genuine issue of material fact exists when a disputed fact, if proven, would have the effect of establishing or refuting an essential element of an asserted cause of action or defense. *Id.*

## DISCUSSION

[¶ 10] Ms. Gillett claims summary judgment was not proper because 1) the question of whether the fence was a boundary fence or a fence of convenience was one of fact and she presented evidence showing the fence was one of convenience to rebut the claim of adverse possession; 2) the Whites did not establish that Ms. Gillett had notice of the adverse claim until 1997 at the earliest, meaning the ten year period was not satisfied when they filed their complaint in 2005; 3) the Whites could not claim adverse possession because under Wyoming law adverse possession may only be used as a shield, that is, an affirmative defense, and not as a sword, or an affirmative cause of action.

[¶ 11] The Whites respond that they satisfied the requirements of adverse possession by their continuous use of the property since 1988 and Ms. Gillett is too late to rely on the ten year statute of limitations. They also claim the fence clearly is not one of convenience because there is nothing on the terrain that would require the fence to vary from true boundary. Finally they argue the district court properly granted summary judgment because Ms. Gillett did not present evidence showing the existence of a genuine issue of material fact.

[¶ 12] We consider first Ms. Gillett's claim that adverse possession is available only as an affirmative defense and not as an affirmative cause of action. On that basis, she argues, the Whites could not bring a claim for title to the strip of land by adverse possession. In support of her claim, she cites *Northern Pacific Railway Co. v. United States*, 277 F.2d 615, (10th Cir.1960).

[¶ 13] Ms. Gillett misunderstands *Northern Pacific*. In that case, the United States brought a quiet title action claiming title to property on the basis of a deed and adverse

possession. In its complaint, the United States also asserted the defendant was barred from claiming title to the disputed property by the Wyoming statutes of limitation, which required claims for recovery of property to be brought within ten years after the cause of action accrued and by the doctrine of laches. The court of appeals held the United States, as plaintiff, could not plead the statutes of limitation or laches. The court cited the general rule that statutes of limitation and laches are available only as a defense to affirmative relief and cannot be invoked by a plaintiff to bar defenses asserted by a defendant. The court of appeals did not hold adverse possession was unavailable as an affirmative claim for relief.

[¶ 14] Wyoming has long recognized that a claim of adverse possession is available to either party in a quiet title action. *Bamforth v. Ihmsen*, 28 Wyo. 282, 205 P. 1004–1006 (Wyo.1922). This Court has considered affirmative claims of adverse possession in numerous cases. *See, for example, Murdock v. Zier*, 2006 WY 80, 137 P.3d 147 (Wyo.2006) and *Davis v. Chadwick*, 2002 WY 157, 55 P.3d 1267 (Wyo.2002). Ms. Gillett's claim that adverse possession was not available to the Whites as an affirmative claim for relief has no merit.

[¶ 15] We consider next Ms. Gillett's claim that the fence separating the properties was one of convenience. We begin our discussion by reviewing the factors necessary to establish adverse possession.

In order to establish adverse possession, the claiming party must show actual, open, notorious, exclusive and continuous possession of another's property which is hostile and under claim of right or color of title. Possession must be for the statutory peri-

od, ten years. When there is no clear showing to the contrary, a person who has occupied the land for the statutory period, in a manner plainly indicating that he has acted as the owner thereof, is entitled to a presumption of adverse possession; and the burden shifts to the opposing party to explain such possession. However, if a claimant's use of the property is shown to be permissive, then he cannot acquire title by adverse possession.

*Hovendick v. Ruby*, 10 P.3d 1119, 1122 (Wyo. 2000) (citation omitted). In some circumstances, enclosing land within a fence is sufficient to "raise the flag" of adverse possession. *Id.* at 1123. However, a fence kept simply for convenience has no effect upon the true boundary between tracts of land because, unlike a boundary fence, a fence of convenience gives rise to permissive use and permissive use will not support a claim for adverse possession. *Id.* Ordinarily, the question of whether a fence is one of convenience or delineates a boundary is one of fact. *Davis*, ¶ 17, 55 P.3d at 1274.

[¶ 16] The Whites presented evidence that the fence separating their property from Ms. Gillett's property was in place in its present location when they purchased the property from the Confers in 1988, seventeen years before they filed their quiet title action, and when the Confers purchased the property from the Stilles in 1983, twenty-two years before they filed their quite title action. The Whites also provided Mr. Confer's affidavit stating that when he and his wife purchased the property, they and the Stilles agreed the fence line represented the boundary between the two parcels.[1] The Whites attested that they have cultivated, seeded, harrowed and used the strip of land for grazing since they

---

1. The Whites admitted in their complaint that Ms. Gillett held legal title to the disputed acre located on their side of the fence. Thus, the Stilles and the Confers were apparently mistaken in their belief that the fence represented the true boundary between their properties. Under Wyoming law, however, a mistaken belief as to the true boundary does not change the presumption of adverse possession that arises with presentation of the required evidence. As this Court has said:

It is a reasonable rule that, when a man has occupied a piece of ground, though under a

mistaken belief as to the true boundary, for the period prescribed by law, openly, notoriously, exclusively, and in a manner plainly indicating that he acted as owner thereof, the presumption should be, in the absence of explanatory circumstances showing the contrary, that he occupied the land adversely and under a claim of right, casting the burden of explaining such possession upon the person who disputes his right.

*Shores v. Lindsey*, 591 P.2d 895, 902 (Wyo.1979).

purchased the land in 1988. It is undisputed the strip of land lies inside the fence line on the Whites' side of the fence as it has since at least 1983. By presentation of this evidence, the Whites established a presumption of adverse possession, and the burden shifted to Ms. Gillett to present evidence showing the Whites' possession was not actual, open, notorious, exclusive, continuous for ten years, hostile or under color of title.

[¶ 17] In opposition to the Whites' motion, Ms. Gillett argued the fence was a fence of convenience, meaning the Whites' use of the strip of land was permissive and their claim to ownership of the land by adverse possession must fail. In support of her argument, she filed an affidavit in which she stated:

9. I believe that the original owner of the property, Stilles, had placed the fence there as a matter of convenience for his own use.

10. I further believe that the Confers and Stiles did not move the fence to the legal boundary as neither party wanted to pay for the expense of moving it and left it as a matter of economy.

■ [¶ 18] Other than these statements of her unsubstantiated beliefs, Ms. Gillett presented no evidence supporting her claim that the fence was one of convenience. She presented no evidence showing she had personal knowledge of the Stilles' reason for placing the fence where it is or the Confers' and the Stilles' rationale for leaving it in that location. Although Ms. Gillett mentioned the possibility that the fence was placed where it was to accommodate an easement allowing the county access to a gravel pit, she provided no affidavits confirming that possibility and the documentation she provided showing the existence of the easement does not establish any connection between the location of the fence and the easement. Ms. Gillett presented no other affidavits or evidence to substantiate her belief that the fence was one of convenience. Statements of unsubstantiated belief do not create a genuine issue of material fact precluding summary judgment. *Ahearn v. Anderson–Bishop Partnership*, 946 P.2d 417, 425 (Wyo.1997). Ms. Gillett failed to present sufficient evidence showing

the fence was one of convenience to rebut the presumption of adverse possession.

■ [¶ 19] Ms. Gillett also claims she did not have notice of the Whites' adverse use of the land until she and her former husband purchased the land in 1997. She claims the requisite ten year period began, at the earliest, when they purchased the property; therefore, when the Whites filed their complaint in 2005, they had not adversely possessed the land for the statutory period. Ms. Gillett's argument is without merit.

■ [¶ 20] The Whites showed they purchased the property in 1988 and used the portion inside the fence actually, openly, notoriously, exclusively and continuously from that point on. The Whites also showed that prior to their purchase of the property, the Confers used the strip of land actually, openly, notoriously, exclusively and continuously beginning in 1983. Under the doctrine of "tacking," when there is privity between persons successively and continuously in possession holding adversely to the true title, the successive periods of occupation may be united to make up the time prescribed by statute. *Murdock*, ¶ 14, 137 P.3d at 151. Tacking the Whites' period of adverse possession with that of their immediate predecessors in interest, the evidence established the disputed strip of land was used adversely from 1983. Thus, the ten year period was satisfied in 1993.

[¶ 21] The district court's order granting summary judgment for and quieting title in the Whites on their claim for adverse possession is affirmed.