GRAY, Justice.
*841 [¶1] Finley Resources, Inc. (Finley) appeals the district court's dismissal of its Complaint against EP Energy E&P Company (EP Energy). The district court determined the forum-selection clause contained in the contract between the parties required Finley to file its suit in Texas. Finley contends the district court erred because its claims for quiet title, declaratory judgment, and adverse possession were not subject to the forum-selection clause. We affirm.
ISSUE
[¶2] Did the district court err when it decided the forum-selection clause required Finley's lawsuit to be brought in Texas?
FACTS
[¶3] On December 28, 2007, Finley and EP Energy entered into a Purchase and Sale Agreement (Agreement) for the sale of oil and gas leases located in Converse and Niobrara Counties, Wyoming. Finley's principal place of business is in Fort Worth, Texas, and EP Energy's principal place of business is in Houston, Texas. Both entities conduct oil and gas activities in Wyoming. According to the First Amended Complaint, the Agreement required EP Energy to assign all of its interests under various leases to Finley, without limit to the depths and formations. EP Energy, however, failed to do so despite Finley's "repeated requests and demands." The dispute crystalized on September 13, 2017, when EP Energy sent an e-mail to Finley stating EP Energy retained the deep rights in certain lands described in the leases assigned to Finley.
[¶4] Finley filed this lawsuit against EP Energy in the Wyoming District Court for the Eighth Judicial District. The First Amended Complaint set forth five claims for relief: (1) quiet title; (2) declaratory judgment; (3) breach of contract; (4) breach of the implied covenant of good faith and fair dealing; and (5) adverse possession. EP Energy filed a motion to dismiss seeking to enforce the choice-of-law and forum-selection clauses contained in the Agreement.
[¶5] Section 13.10 of the Agreement provides:
Governing Law; Jurisdiction; Waiver of Trial by Jury.
(a) This Agreement is governed by the Laws of the State of Texas, excluding any choice of law rules that may direct the application of the Laws of another jurisdiction.
(b) The Parties agree that any suit, action or proceeding seeking to enforce any provision of, or based on any matter arising out of or in connection with, this Agreement or the transaction contemplated hereby shall be brought in the United States District Court for the Southern District of Texas or any Texas state court sitting in Houston, so long as one of such courts shall have subject matter jurisdiction over such suit, action or proceeding, and that any cause of action arising out of this Agreement shall be deemed to have arisen from a transaction of business in the State of Texas, and each of the parties hereby irrevocably consents to the jurisdiction of such courts (and of the appropriate appellate courts therefrom) in any such suit, action or proceeding and irrevocably waives, to the fullest extent permitted by Law, any objection that it may now or hereafter have to the laying of the venue of any such suit, action or proceeding in any such court or that any such suit, action or proceeding ... has been brought in an inconvenient forum.
(First emphasis in original; later emphases added.)
[¶6] In its Motion to Dismiss, EP Energy argued Finley's entire First Amended Complaint fell within the constraints of the forum-selection clause and must be dismissed. The district court applied Texas law and concluded, because the non-contract claims "certainly implicate the terms of the contract," the claims fell within the scope of the *842 forum-selection clause. The district court granted EP Energy's Motion to Dismiss.
STANDARD OF REVIEW
[¶7] We review the district court's construction and interpretation of the forum-selection clause de novo. Larson v. Burton Constr., Inc. , 2018 WY 74, ¶ 16, 421 P.3d 538, 544 (Wyo. 2018) ("Contract interpretation presents questions of law which we review de novo."). A district court's decision to decline jurisdiction based on a forum-selection clause freely entered into by the parties to a contract is discretionary. Venard v. Jackson Hole Paragliding, LLC , 2013 WY 8, ¶ 6, 292 P.3d 165, 168 (Wyo. 2013). A court abuses its discretion when it reasonably could not have concluded as it did. Id. "An abuse of discretion can exist if the wrong law has been applied, the correct law has been applied but incorrectly interpreted, or if the correct law has been improperly applied." Grove v. Pfister , 2005 WY 51, ¶ 6, 110 P.3d 275, 278 (Wyo. 2005).
DISCUSSION
[¶8] Finley asserts the district court abused its discretion when it dismissed Finley's lawsuit because: (1) the declaratory judgment,[1] quiet title[2] and adverse possession[3] claims (equitable causes of action) do not arise from the Agreement; and (2) even if the equitable causes of action arose from the Agreement, the Texas courts lack subject matter jurisdiction to consider the claims. Consequently, the claims are excluded from the application of the forum-selection clause. We address both arguments below.
Applicable Law
[¶9] The parties agree Texas law applies. The Agreement provides: "This Agreement is governed by the Laws of the State of Texas, excluding any choice of law rules that may direct the application of the Laws of another jurisdiction." (Emphasis omitted.) Wyoming courts will enforce choice-of-law provisions and apply foreign law when doing so is not "contrary to the law, public policy, or the general interests of Wyoming's citizens." See Res. Tech. Corp. v. Fisher Sci. Co. , 924 P.2d 972, 975 (Wyo. 1996). We will apply Texas law.
Equitable Claims and the Agreement
[¶10] The parties agree Finley's contractual claims fall within the forum-selection clause. However, Finley argues the forum-selection clause excludes its equitable causes of action because they arise independent of the Agreement. Instead, Finley contends its equitable claims arise from Finley's open, notorious, exclusive, and continuous: (1) exercise of ownership over lands covered by the Lease and lands not included in the assignment; (2) operation of all oil and gas wells located on lands covered by the Lease as well as those located on lands not included in the assignment; and (3) receipt of all proceeds generated from these wells. According to Finley, EP Energy's 2017 e-mail claiming ownership of the deep rights in the Kaye Teapot Sandstone Unit located on lands covered by the leases-an e-mail received nearly ten years after the Agreement was signed-was the impetus for this action.
[¶11] Under Texas law, a "forum-selection clause should be denied force only if the facts alleged in support of the claim stand alone, are completely independent of the contract, and the claim could be maintained without reference to the contract." Pinto Tech. Ventures, L.P. v. Sheldon , 526 S.W.3d 428, 440 (Tex. 2017), reh'g denied *843 (Sept. 22, 2017) (quotations omitted); AutoNation USA Corp. v. Leroy , 105 S.W.3d 190, 195 (Tex. App. 2003). Whether a given claim falls "within the forum-selection clause's scope depends on the parties' intent ... and a 'common-sense examination' of the substantive factual allegations." Pinto , 526 S.W.3d at 437 (citing In re Int'l Profit Assocs., Inc. , 274 S.W.3d 672, 677 (Tex. 2009) ); see also JFP Servs., L.L.C. v. Torans , No. SA-17-CV-00210-FB, 2018 WL 3326841, at *6 (W.D. Tex. Apr. 30, 2018), report and recommendation adopted sub nom. JFP Servs., LLC v. Torans , No. SA-17-CA-210-FB, 2018 WL 4343439 (W.D. Tex. July 2, 2018) ; Braspetro Oil Servs. Co. v. Modec (USA), Inc. , 240 F. App'x 612, 616 (5th Cir. 2007) (The court "look[s] to the language of the parties' contract[ ] to determine which causes of action are governed by the forum selection clause.") (citation omitted).
[¶12] Here, the forum-selection clause applies to "any suit ... based on any matter arising out of or in connection with, this Agreement or the transaction contemplated ." (Emphasis added.) Finley claims this language should be read narrowly because the Agreement's later requirement of subject matter jurisdiction evidences the parties' intent to restrict application of the clause. We disagree.
[¶13] In Pinto , the court examined a forum-selection clause that applied to "any dispute arising out of" the contract. Pinto , 526 S.W.3d at 433. The Pinto court held: "When a forum-selection clause encompasses all 'disputes' 'arising out of' the agreement, instead of 'claims,' its scope is necessarily broader than claims based solely on rights originating exclusively from the contract." Id. at 439 (citation omitted); see also In re Int'l Profit , 274 S.W.3d at 678 (fraud and negligent misrepresentation claims "arise from the contractual relationship between the parties, not from general obligations imposed by law"); In re Lisa Laser USA, Inc. , 310 S.W.3d 880, 886 (Tex. 2010) (forum-selection clause applies to all obligations that would not exist but for the agreement). "Clauses that extend only to disputes 'arising out of' a contract are construed narrowly, while clauses extending to disputes that 'relate to' or 'are connected with' the contract are construed broadly." Morgan-Rinehart v. Van de Perre , No. A-16-CA-01327-SS, 2017 WL 1383933, at *8 (W.D. Tex. Apr. 12, 2017) (quoting Wellogix, Inc. v. SAP Am., Inc ., 58 F. Supp. 3d 766, 778 (S.D. Tex. 2014) ). Here, because the forum-selection clause extends to disputes "based on any matter arising out of or in connection with, this Agreement or the transaction contemplated hereby ," Texas law requires that we construe the clause broadly. (Emphasis added.)
[¶14] In Pinto , the Texas Supreme Court employed a "but-for test," concluding "that a party's 'claims arise out of the Agreement' when 'but for the Agreement, [the party] would have no basis to complain.' " Pinto , 526 S.W.3d at 438 (citing In re Lisa Laser , 310 S.W.3d at 886 ; JFP Servs. , 2018 WL 3326841, at *6 ).
Although the Fifth Circuit has not articulated a specific test for determining when claims fall within the scope of a forum selection clause, district courts within [that] circuit usually look to three rules: (1) whether the tort claims 'ultimately depend on the existence of a contractual relationship between the parties'; (2) whether 'resolution of the claims relates to interpretation of the contract'; and (3) whether the claims 'involv[e] the same operative facts as a parallel claim for breach of contract.'
Morgan-Rinehart , 2017 WL 1383933, at *8 (quoting AlliantGroup, L.P. v. Mols , No. CV H-16-3114, 2017 WL 432810, at *7 (S.D. Tex. Jan. 30, 2017) ).
[¶15] Application of the Texas state and federal court analytical framework requires us to conclude that all Finley's claims are within the scope of the forum-selection clause. Finley's claims for declaratory judgment and quiet title are based on its ownership pursuant to the Agreement or adverse possession. Finley argues its adverse possession claim is completely independent of the Agreement but concedes, "In fact, the adverse possession cause of action would be completely unnecessary if the [Agreement] PSA were given effect...." In other words, Finley contends EP Energy conveyed to Finley the deep rights in certain lands contained in the leases, and if it did not, Finley owns those rights by adverse possession.
*844 [¶16] Adverse possession requires a claim of ownership under color of title or claim of right. Galiher , ¶ 7, 432 P.3d at 507. Color of title is defined as "an instrument which has a semblance or appearance of title but is not title in fact or law." Doenz v. Garber , 665 P.2d 932, 936 (Wyo. 1983). A claim of right is occupation of the land adversely or without permission. Murdock v. Zier , 2006 WY 80, 137 P.3d 147 (Wyo. 2006). Here, both Finley's alleged color of title and claim of right stem from the Agreement.[4] Whether Finley's possession was permissive or adverse must be determined by reference to the Agreement. See 1 Eugene Kuntz, A Treatise on the Law of Oil and Gas § 10.5 (Matthew Bender, Rev. Ed. 2019) ("The working of minerals by a lessee who also claims under a lease ... is not adverse possession.") (citing Lehmann v. Keller , 454 Pa. Super. 42, 684 A.2d 618 (1996) ). Finley's claims for adverse possession are made pursuant to the Agreement. Finley's equitable claims are inextricably tied to the construction of the Agreement and involve the same operative facts as a claim for breach of the Agreement. Without the Agreement, Finley would have no claim to title, no basis for declaratory judgment, and would have been unable to operate on any of the lands to which it now alleges title under adverse possession. Finley's equitable claims are not collateral, they are "matter[s] ... in connection with, this Agreement or the transaction contemplated hereby" and are subject to the forum-selection clause.
Effect of Subject Matter Jurisdiction Requirement
[¶17] Finley argues the district court failed to account for the forum-selection *845 clause's requirement that Texas courts have subject matter jurisdiction over the suit, action or proceeding. It is undisputed Texas courts have no subject matter jurisdiction to "adjudicate title to realty, including interests in oil and gas leases, in another state or country." Devon Energy Prod. Co., L.P. v. KCS Res., LLC , 450 S.W.3d 203, 216 (Tex. App. 2014). The presence of a forum-selection clause in the Agreement cannot confer subject matter jurisdiction where it does not otherwise exist. Id. Therefore, according to Finley, the district court's decision must be reversed.
[¶18] "Absent ambiguity, contracts are construed as a matter of law" with the "primary objective ... to ascertain the parties' ... intentions as expressed in the language they chose." Plains Expl. & Prod. Co. v. Torch Energy Advisors Inc. , 473 S.W.3d 296, 305 (Tex. 2015) (citation omitted). "[Texas courts] 'construe contracts from a utilitarian standpoint bearing in mind the particular business activity sought to be served,' and avoiding unreasonable constructions when possible and proper." Id. (citation omitted); see also Endeavor Energy Res. L.P. v. Discovery Operating, Inc. , 554 S.W.3d 586, 601 (Tex. 2018), reh'g denied (Sept. 28, 2018). Whether noncontractual claims fall within the scope of the forum-selection clause "depends on the parties' intent as expressed in their agreement and a 'common-sense examination' of the substantive factual allegations." Pinto , 526 S.W.3d at 437 (citation omitted); In re Lisa Laser , 310 S.W.3d at 884. The question is, does the subject matter jurisdiction language demonstrate the parties' intent to remove the lawsuit from Texas forums when a party asserts a claim alleging title to lands outside Texas even though the claims clearly arise from the Agreement? We conclude it does not.
[¶19] In construing a contract, Texas courts have said, "we strive to 'give effect to all the provisions of the contract so that none will be rendered meaningless.' " El Paso Field Servs. L.P. v. MasTec N. Am., Inc. , 389 S.W.3d 802, 808 (Tex. 2012) (citation omitted); see also Bear Peak Res., LLC v. Peak Powder River Res., LLC , 2017 WY 124, ¶ 17, 403 P.3d 1033, 1041-42 (Wyo. 2017) ("[W]e avoid interpreting provisions in a way that would render any other portion of the agreement inconsistent or meaningless."). "We presume the parties intended every clause to have some effect, so we 'examine the entire lease and attempt to harmonize all [of] its parts.' " Endeavor Energy , 554 S.W.3d at 595 (citation omitted).
[¶20] Texas courts have "definitely declared that an oil and gas lease is the same as a sale of real estate." Avis v. First Nat'l Bank of Wichita Falls , 141 Tex. 489, 494, 174 S.W.2d 255, 258 (1943). Every contract transferring interests in mineral leases has the potential to give rise to quiet title or declaratory judgment claims. If claims such as those alleged by Finley were to defeat a forum-selection clause, any forum-selection clause in a contract regarding real property would be unenforceable once claims of quiet title or adverse possession were alleged. The forum-selection clause in this case requires only that Texas courts have subject matter jurisdiction over the "suit , action or proceeding" (emphasis added). It does not require Texas courts have subject matter jurisdiction over every conceivable claim Finley might assert. See Demond v. Infiniti HR, LLC , No. 3:17-CV-1322-D, 2018 WL 4145053, at *8 (N.D. Tex. Aug. 30, 2018) ("All '[c]hoices of law and forum in contracts have the incidental effect of preventing [a] party from getting to use the laws of all the excluded jurisdictions.' ") (quoting Haynsworth v. Lloyd's of London , 933 F. Supp. 1315, 1323 (S.D. Tex. 1996) ).
[¶21] Finley contends it would be unjust to deprive it of a hearing on its adverse possession claim. The Texas court considered a similar argument in In re Lyon Fin. Servs., Inc. , 257 S.W.3d 228 (Tex. 2008). There, the party seeking nonenforcement of a forum-selection clause argued the law in Pennsylvania would not allow a corporation to maintain a cause of action for usury. Id. at 234. The court held "[The Appellant's] inability to assert its usury claim in Pennsylvania does not create a public policy reason to deny enforcement of the forum-selection clause." Id. Similarly, Finley's inability to bring its adverse possession claim in Texas does not create a public policy reason to deny enforcement *846 of the forum-selection clause where the underlying contract dispute can properly be interpreted by the Texas courts. See In re Emex Holdings L.L.C. , No. 13-11-00145-CV, 2013 WL 1683614, at *9 (Tex. App. Apr. 18, 2013) ("[T]he inability to assert a claim recognized by Texas law in another state does not create a reason to deny enforcement of a forum-selection clause.").
[¶22] The Texas Supreme Court has explained:
Forum-selection clauses provide parties with an opportunity to contractually preselect the jurisdiction for dispute resolution. In Texas, forum-selection clauses are generally enforceable and should be given full effect. Failing to give effect to contractual forum-selection clauses and forcing a party to litigate in a forum other than the contractually chosen one amounts to clear harassment ... injecting inefficiency by enabling forum-shopping, wasting judicial resources, delaying adjudication on the merits, and skewing settlement dynamics.
Pinto , 526 S.W.3d at 436-37 (internal citations and quotations omitted). In Durdahl v. Nat'l Safety Ass'n, Inc. , 988 P.2d 525 (Wyo. 1999), we rejected the appellant's argument that promissory estoppel and fraudulent misrepresentation claims were outside of the parties' agreement and thus not subject to the contract's forum-selection clause. Id. at 529. Observing that those equitable claims "necessarily implicate the terms of the contract," we concluded that " '[a]rtful pleading' of noncontract claims to avoid a forum selection clause will not be tolerated." Id. (citation omitted).
[¶23] Our analysis is not governed by the label placed upon the cause of action. All Finley's claims must be resolved through an interpretation of the Agreement. Texas law does not prevent enforcement of the forum-selection clause even though the adverse possession claim is unavailable to Finley in Texas. Finley's claims necessarily will be resolved by the Texas court's determination of its contractual rights.[5]
Wyoming's Public Policy and Enforcement of the Forum-Selection Clause
[¶24] Finley also contends, "Wyoming has a strong public policy in determining title to real property located within its boundaries" and therefore the forum-selection clause should not be enforced in this case. While a forum-selection clause is presumed valid and enforceable, there are exceptions. A party attempting to show that such a clause should not be enforced bears a heavy burden. In re Laibe Corp. , 307 S.W.3d 314, 316 (Tex. 2010). The party opposing enforcement must clearly show, among other things, "enforcement would contravene a strong public policy of the forum where the suit was brought." Id. (citation and quotations omitted). Finley has not met its burden. It cites no case law or other authority supporting its argument that enforcement of a forum-selection clause runs counter to public policy favoring local determination of title to realty. We have said:
The right of private contract is no small part of the liberty of the citizen, and that the usual and most important function of courts of justice is rather to maintain and enforce contracts, than to enable parties thereto to escape from their obligation on the pretext of public policy, unless it clearly appear that they contravene public right or the public welfare.
Nuhome Invs., LLC v. Weller , 2003 WY 171, ¶ 8, 81 P.3d 940, 944 (Wyo. 2003) (citations omitted). "Therefore, you have this paramount public policy to consider-that you are not lightly to interfere with this freedom of contract." Id. (citations and quotations omitted).
*847 We find no reason to look further in this case where the claim to title arises from the Agreement.
CONCLUSION
[¶25] "[Though] 'the party who brings a suit is master to decide what law he will rely on,' whether a forum-selection clause applies depends on the factual allegations undergirding the party's claims rather than the legal causes of action asserted." Pinto , 526 S.W.3d at 433 (citations omitted). All Finley's equitable claims arise from the Agreement and, but for the Agreement, there is no basis upon which the claims can rest. Accordingly, the district court did not abuse its discretion in declining to exercise jurisdiction based on the forum-selection clause. This action must be brought in Texas.
[¶26] Affirmed.

An action for declaratory judgment allows certain persons with a qualified claim regarding a written instrument to seek a declaration of rights under that instrument. Wyo. Stat. Ann. §§ 1-37-101 through -115 (LexisNexis 2017).

A person in possession of real property may bring a quiet title action "against any person who claims an estate or interest therein adverse to him" to determine "the adverse estate or interest." Wyo. Stat. Ann. § 1-32-201.

"To prevail on an adverse possession claim, the claimant must show 'actual, open, notorious, exclusive and continuous possession of the disputed parcel which is hostile and under claim of right or color of title.' " Galiher v. Johnson , 2018 WY 145, ¶ 7, 432 P.3d 502, 507 (Wyo. 2018) (citation omitted); Wyo. Stat. Ann. § 1-3-103.

Finley's claim for adverse possession alleges:
VIII. FIFTH CLAIM FOR RELIEF - ADVERSE POSSESSION
...
56. Since the date of Assignment Nos. 1 & 2 on February 28, 2008, Plaintiff has openly, notoriously, exclusively and continuously exercised ownership and control over all of the lands covered by the Subject Leases including Subject Lease No. 5 as well as those lands identified in Paragraphs 14, 15 & 16 above.
57. Since the date of Assignment Nos. 1 & 2 on February 28, 2008, Plaintiff has openly, notoriously, exclusively and continuously operated all of the oil and gas wells located on lands covered by the Subject Leases including Subject Lease No. 5 as well as those lands identified in Paragraphs 14, 15 & 16 above.
58. Since the date of Assignment Nos. 1 & 2 on February 28, 2008, Plaintiff has openly, notoriously, exclusively and continuously received all proceeds generated by operation of all oil and gas wells located on lands covered by the Subject Leases including Subject Lease No. 5 as well as those lands identified in Paragraphs 14, 15 & 16 above.
59. Plaintiff has acquired through adverse possession all right, title and interest to the Subject Leases, including Subject Lease No. 5 as well as those lands identified in Paragraphs 14, 15 & 16 above, covering all depths and formations from the surface to the core of the earth.
Paragraphs 14-16, referred to in this claim, state:
14. Defendant failed to assign to Plaintiff in Assignment No. 1 the following lands:
Subject Lease No. 1 - 0001033145/000 - Converse & Niobrara County, Wyoming
T36N, R67W - Section 5: Lots 1, 2; S2NE
T36N, R67W - Section 3: S2NE, N2SE
Subject Lease No. 2 - 0001031335/000 - Niobrara County, Wyoming
T36N, R67W - Section 6: Lots 1, 2, S/2NE & SE
T36N, R67W - Section 8: E2NE, NWNE
T36N, R67W - Section 9: NWNE, NW
Subject Lease No. 3 - 0001031351/002 - Niobrara County, Wyoming
T36N, R67W - Section 3: NESW
T36N, R67W - Section 9: SWNE, E/2SW, NWSE
Subject Lease No. 4 - 0001031351/003 - Niobrara County, Wyoming
T36N, R67W - Section 3: NESW
T36N, R67W - Section 9: SENW, E/2SW, NWSE
Subject Lease No. 7 - 0001031337/000 - Niobrara County, Wyoming
T36N, R67W - Section 27: NW
15. Defendant failed to assign to Plaintiff in Assignment No. 2 the following lands:
Subject Lease No. 6 - 0001031342/000 - Converse County, Wyoming
T36N, R67W - Section 21: SWSE, E/2SE, SENE
Subject Lease No. 8 - 0001031331/000 - Converse County, Wyoming
T36N, R67W - Section 31: Lots 1, 3, 4, E/2SW, S/2NE, SE
T36N, R67W - Section 32: SWNW
16. Defendant failed to assign to Plaintiff Subject Lease No. 5 which includes the following lands:
Subject Lease No 5 - 0001031351/001 - Converse & Niobrara County, Wyoming
T36N, R67W - Section 3: Lot 2, 3, SENW, NESW, SWSW, NESW
T36N, R67W - Section 9: SENW, E/2SW, NWSE, E/2NE, SWSE and E/2SE
T36N, R67W - Section 10: NWNW

EP Energy devotes a large portion of its brief arguing the adverse possession claim is factually and legally impossible. In Roush v. Roush , we considered a dispute between the owner of surface land claiming a partial interest in a mineral estate by virtue of adverse possession. Roush v. Roush , 589 P.2d 841, 842 (Wyo. 1979). We held without mining operations on the disputed premises, the elements necessary to show adverse possession could not exist. Id. at 843. EP Energy contends Finley could not have conducted mining operations on the premises in dispute here because the requirements of state and federal statutes relating to oil and gas operations would not approve operations in the deep formation. Therefore, as in Roush , Finley's adverse possession claim is meritless because Finley cannot show it conducted operations on the disputed premises. We need not reach this argument here.