[No. A056604. First Dist., Div. Two. Dec. 29, 1992.]

ERIC H. LU et al., Plaintiffs and Appellants, v.
DRYCLEAN-U.S.A. OF CALIFORNIA, INC., et al., Defendants and
Respondents.

**COUNSEL**

Burak & Berg and Robert Berg for Plaintiffs and Appellants.

Bartko, Tarrant & Miller, Charles G. Miller, Kim A. Lambert and C. Griffith Towle for Defendants and Respondents.

## OPINION

**BENSON, J.**—Plaintiffs Eric H. Lu and Yen C. Lu appeal from the trial court's order dismissing this action based on a contractual forum selection clause. They contend enforcement of the clause would be unreasonable under the circumstances of this case. We disagree and affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of a franchise agreement (Agreement) between plaintiffs and defendant Dryclean-U.S.A. of California, Inc. (Dryclean California), a California corporation with its principal place of business in Emeryville, California. Under the Agreement, Dryclean California granted plaintiffs a license to operate one of its franchise dry cleaning outlets in Pleasanton, California. Plaintiffs, in turn, agreed to pay a $25,000 franchise fee to Dryclean California. The Agreement contained the following forum selection clause: "[a]ny and all litigation that may arise as a result of this Agreement shall be litigated in Dade County, Florida." The corporate parent of Dryclean California, Dryclean-U.S.A. Franchise Company (Dryclean Franchise), maintains its principal place of business in Miami, Florida, as does its corporate parent, Dryclean-U.S.A., Inc. (Dryclean U.S.A.).

On October 3, 1991, plaintiffs filed the instant action against Dryclean California, Dryclean Franchise, and Dryclean U.S.A. (collectively, defendants). In their complaint for rescission and damages, plaintiffs allege that defendants misrepresented the advantages of operating the dry cleaning franchise established by the Agreement. ▨▨▨ Pursuant to Code of Civil Procedure section 410.30, subdivision (a),[1] defendants moved for dismissal on the ground the forum selection clause required disputes arising out of the Agreement to be litigated in Florida. The trial court found the forum selection clause to be valid and issued an order granting defendants'

---

[1]Code of Civil Procedure section 410.30, subdivision (a), is a statutory codification of the doctrine of forum non conveniens, and provides as follows: "When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just." "The enforceability of a forum selection clause is properly raised by a motion to stay or dismiss under Code of Civil Procedure section 410.30, as it is a request to the court to decline jurisdiction." (*Furda* v. *Superior Court* (1984) 161 Cal.App.3d 418, 425 [207 Cal.Rptr. 646]; see also *Smith, Valentino & Smith, Inc.* v. *Superior Court* (1976) 17 Cal.3d 491, 494 [131 Cal.Rptr. 374, 551 P.2d 1206].) The rule that the enforceability of a forum selection clause is properly raised by a motion under section 410.30, subdivision (a), has the potential for confusion since a plaintiff bears the burden of proving that enforcement of a forum selection clause would be unreasonable under the circumstances of the case (see *post*, pp. 1493-1494), whereas a defendant bears the burden of proof on other forum non conveniens motions (see *Stangvik* v. *Shiley, Inc.* (1991) 54 Cal.3d 744, 751 [1 Cal.Rptr.2d 556, 819 P.2d 14]).

motion to dismiss. Plaintiffs have filed a timely notice of appeal from that order. (See Code Civ. Proc., § 904.1, subd. (c).)

## II. DISCUSSION

Forum selection clauses play an important role in both national and international commerce. ■ .Given the importance of forum selection clauses, both the United States Supreme Court and the California Supreme Court have placed a heavy burden on a plaintiff seeking to defeat such a clause, requiring it to demonstrate that enforcement of the clause would be unreasonable under the circumstances of the case. (See, e.g., *The Bremen* v. *Zapata Off-Shore Co.* (1972) 407 U.S. 1, 10, 15 [32 L.Ed.2d 513, 523, 92 S.Ct. 1907]; *Smith, Valentino & Smith, Inc.* v. *Superior Court, supra,* 17 Cal.3d at p. 496.) We review a trial court's decision to enforce a forum selection clause for an abuse of discretion. (*Furda* v. *Superior Court, supra,* 161 Cal.App.3d at p. 424.)

■ In this case, plaintiffs advance two arguments why enforcement of the forum selection clause would be unreasonable. First, plaintiffs assert there is an insufficient connection between themselves and the chosen forum of Florida. In support of this argument, plaintiffs have submitted the declaration of one of the plaintiffs, which states: (1) both of the plaintiffs reside in California, (2) neither plaintiff has ever visited Florida in connection with business of the dry cleaning franchise, and (3) the Agreement was negotiated at Dryclean California's offices in Emeryville, California. Although plaintiffs' argument is not well articulated, they are in essence arguing that enforcement of the forum selection clause would be unreasonable because it would be inconvenient for them to litigate in the chosen forum of Florida. This argument has been flatly rejected by the California Supreme Court, which has held " '[m]ere inconvenience or additional expense is not the test of unreasonableness since it may be assumed that the plaintiff received under the contract consideration for these things.' " (*Smith, Valentino & Smith, Inc.* v. *Superior Court, supra,* 17 Cal.3d at p. 496.)[2]

Second, plaintiffs argue enforcement of the forum selection clause would be unreasonable because two of the defendants, Dryclean Franchise and

---

[2]This is not a case in which one party has imposed a remote alien forum bearing no relationship to the contract at issue in order to discourage the other party from pursuing legitimate claims. Dryclean Franchise, the owner of the service marks, trademarks, and trade names licensed under the Agreement, maintains its principal place of business in Miami, Florida. Dryclean U.S.A., which guaranteed the performance of Dryclean California under the Agreement and handled correspondence and billing relating to plaintiffs' franchise, also maintains its principal place of business in Miami. Given the nationwide scope of their operations, it is perfectly reasonable for defendants to have desired to limit the fora in which

Dryclean U.S.A., did not sign the Agreement containing the clause. Again, we are compelled to disagree. " '[A] range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses.' [Citations.]" (*Manetti-Farrow, Inc.* v. *Gucci America, Inc.* (9th Cir. 1988) 858 F.2d 509, 514, fn. 5.) Here, the alleged conduct of Dryclean Franchise and Dryclean U.S.A. is closely related to the contractual relationship. They are alleged to have participated in the fraudulent representations which induced plaintiffs to enter into the Agreement. Indeed, plaintiffs go so far as to allege Dryclean Franchise and Dryclean U.S.A. are the "alter ego" of Dryclean California, which did sign the Agreement containing the forum selection clause. Under these circumstances, the fact that Dryclean Franchise and Dryclean U.S.A. did not sign the Agreement does not render the forum selection clause unenforceable. (See *TAAG Linhas Aereas de Angola* v. *Transamerica* (9th Cir. 1990) 915 F.2d 1351, 1354; *Manetti-Farrow, Inc.* v. *Gucci America, Inc., supra,* 858 F.2d at p. 514, fn. 5; *Coastal Steel* v. *Tilghman Wheelabrator Ltd.* (3d Cir. 1983) 709 F.2d 190, 203.) To hold otherwise would be to permit a plaintiff to sidestep a valid forum selection clause simply by naming a closely related party who did not sign the clause as a defendant.[3]

III. Disposition

The judgment is affirmed, with costs to defendants.

Kline, P. J., and Smith, J., concurred.

---

they are potentially subject to suit to their nationwide hub in Miami. Plaintiffs, as franchisees of defendants, stand to benefit from the cost savings realized as a result of this decision. (See *Carnival Cruise Lines* v. *Shute* (1991) 499 U.S. __, __ [113 L.Ed.2d 622, 632-633, 111 S.Ct. 1522].)

[3]Plaintiffs' focus on the arbitration provisions of the Agreement is misplaced. Any disputes as to whether this matter is subject to arbitration can be resolved by the Florida courts.