**Ricky Earl DURDAHL and Todd Allen Durdahl, Appellants (Plaintiffs),**

v.

**NATIONAL SAFETY ASSOCIATES, INC., d/b/a NSA, Appellee (Defendant).**

No. 99–8.

Supreme Court of Wyoming.

Oct. 15, 1999.

79, 139 L.Ed.2d 37(1997).

Representing Appellants: James Richard McCarty, Casper, WY.

Representing Appellant: John I. Henley of Vlastos, Brooks, Henley & Drell, P.C., Casper, WY.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

HILL, Justice.

Ricky Earl Durdahl and Todd Allen Durdahl appeal the dismissal of their action for breach of contract, promissory estoppel, and fraudulent misrepresentation against National Safety Associates, Inc., d/b/a NSA. The district court dismissed the action based on a forum selection clause in the annual distributorship agreements signed by the Appellants which specified that all claims involving the agreement between the parties were to be brought solely in the courts of Shelby County, Tennessee.

We affirm.

## ISSUES

Appellants present three issues on appeal:

1.  Whether Paragraph 8 of a 1994 "Annual Renewal Notice and Agreement" precluded the Appellants from bringing suit in Wyoming based upon breaches of contract relating to agreements between the parties prior to 1994.

2.  Whether Paragraph 8 of a 1994 "Annual Renewal Notice and Agreement" precluded the Appellants from bringing suit in Wyoming based upon tort theories of

promissory estoppel and detrimental reliance.

3. Whether the trial court erred in dismissing the Complaint in this matter based upon Paragraph 8 of the 1994 "Annual Renewal Notice and Agreement."

NSA reduces the issues on appeal to a single statement:

The contractual terms of private parties defining the choice of law and forum in the event of a dispute should be upheld.

## FACTS

Appellants' relationship with NSA began in 1990 when they completed an "Independent Dealer/Distributor Application." Pursuant to their agreement, Appellants became "dealer sales representatives" or distributors for NSA products conditioned upon the filing of an annual renewal application and payment of the requisite fees. Commencing in 1994, the annual renewal agreements contained the following provision:

I understand that this agreement is to be governed by the laws of the State of Tennessee and that the parties hereto agree that any and all claims involving this agreement shall be brought solely in the courts of Shelby County[,] Tennessee. The parties hereto consent to venue and jurisdiction as proper in the courts of Shelby County[,] Tennessee.

NSA is located in Memphis, Shelby County, Tennessee. Appellants, without reading them, dutifully signed annual renewal agreements containing the forum selection provision in 1994, 1995, 1996, and 1997.

On May 26, 1998, Appellants filed a complaint against NSA alleging breach of contract, promissory estoppel, and fraudulent misrepresentation. NSA responded with a motion to dismiss based on the forum selection provision. The motion to dismiss was supported by copies of the annual renewal agreements signed by Appellants for the years 1994 through 1997 and the affidavit of the Assistant Secretary of NSA. Appellants filed a motion in opposition supported by their own affidavits. After a hearing on November 17, 1998, the district court granted the motion to dismiss enforcing the forum

selection provision on the grounds that it was not unjust or unreasonable. Appellants have now appealed that ruling to this Court.

## STANDARD OF REVIEW

This is a case of first impression in Wyoming. The sole issue is whether the forum selection clause of the annual renewal contracts should be enforced. Historically, forum selection clauses were viewed with disfavor because they purported "to confer jurisdiction on specifically named courts for adjudication of future controversies," and, accordingly, "were viewed as unenforceable as 'contrary to public policy' and as an effort to 'oust the jurisdiction' of the forum court." *Paul Business Systems v. Canon U.S.A.*, 240 Va. 337, 397 S.E.2d 804, 807 (1990); *see also, The Bremen v. Zapata Off-Shore Company*, 407 U.S. 1, 9, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972). Today, however, most courts hold that forum selection clauses are *prima facie* valid and enforceable unless the opposing party demonstrates that enforcement would be unreasonable under the circumstances of the case or that it was the result of fraud or unequal bargaining power. *Paul Business Systems*, 397 S.E.2d at 807; *Professional Insurance Corporation v. Sutherland*, 700 So.2d 347, 349–50 (Ala.1997); *Voicelink Data Services v. Datapulse*, 86 Wash.App. 613, 937 P.2d 1158, 1160–61 (Div. 1 1997); *Eads v. Woodmen of the World Life Insurance*, 785 P.2d 328, 330–31 (Okl.App.1989); *Volkswagenwerk, A.G. v. Klippan, GmbH*, 611 P.2d 498, 503–04 (Alaska 1980). In order for a forum selection clause to be unreasonable, enforcement must contravene a strong public policy, or the chosen forum must be seriously inconvenient for trial of the action. *Mellon First United Leasing v. Hansen*, 301 Ill.App.3d 1041, 235 Ill.Dec. 508, 705 N.E.2d 121, 125 (2 Dist.1998) (quoting *The Bremen*, 407 U.S. at 15–16, 92 S.Ct. at 1916–17)).

The rationale behind the modern approach to enforcing forum selection clauses is that it "serves the salutary purpose of enhancing contractual predictability," *Voicelink Data Services*, 937 P.2d at 1160, and "comports with traditional concepts of freedom of con-

tract and recognizes the present nationwide and worldwide scope of business relations which generate multi-jurisdictional litigation." *Paul Business Systems,* 397 S.E.2d at 807 (citing *The Bremen,* 407 U.S. at 11, 92 S.Ct. at 1913). "Thus, even where a forum selection clause establishes a remote forum for resolution of conflicts, 'the party claiming [unreasonableness] should bear a heavy burden of proof.'" *Voicelink Data Services,* 937 P.2d at 1161 (alteration in original) (quoting *The Bremen,* 407 U.S. at 17, 92 S.Ct. at 1917). Therefore, when reviewing a motion to dismiss based on a forum selection clause, the court does not accept the pleadings as true; rather, the party challenging enforcement of the clause must present evidence justifying its nonenforcement. *Voicelink Data Services,* 937 P.2d at 1161.

■ We adopt the modern approach and hold forum selection clauses are *prima facie* valid and will be enforced absent a demonstration by the party opposing enforcement that the clause is unreasonable or based upon fraud or unequal bargaining positions. This is consistent with our rule whereby we will enforce provisions of a contract between the parties declaring that any disputes will be settled with reference to the law of a foreign jurisdiction so long as that law is not contrary to Wyoming law, public policy, or the general interests of Wyoming's citizens. *Resource Technology Corporation v. Fisher Scientific Company,* 924 P.2d 972, 975 (Wyo. 1996).

■ Initially, we must address Appellants' contention that the district court erred in granting the motion to dismiss because NSA was subject to Wyoming jurisdiction. Appellants argue NSA had the requisite minimum contacts with this state, and venue in the district court was proper under our statutes. This argument misses the point. The issue before us is not whether Wyoming has jurisdiction over this matter, but whether Wyoming should exercise its discretion to decline jurisdiction over the matter by giving effect to the parties' intent as expressed in their

contract.[1] This concept was succinctly set forth by the Oklahoma Court of Appeals:

Although it is true "that the parties may not *deprive* courts of their jurisdiction over causes by private agreement ... courts possess discretion to *decline* to exercise jurisdiction in recognition of the parties' free and voluntary choice of a different forum." *Smith, Valentino & Smith, Inc. v. Superior Court,* 17 Cal.3d 491, 495, 551 P.2d 1206, 1209, 131 Cal.Rptr. 374, 377 (1976) (in bank). Thus, a court in its discretion may refuse to exercise jurisdiction by necessarily respecting the intent of contracting parties. *Crowson v. Sealaska Corp.,* 705 P.2d 905, 911 (Alaska 1985).

*Eads,* 785 P.2d at 330–31. On appeal, therefore, we will confine our review to a determination of whether the district court has abused its discretion by electing to enforce a forum selection clause in light of the factors enunciated above.

## DISCUSSION

■ Appellants challenge enforcement of the forum selection clause in three ways. First, they claim that the original 1990 distributorship contract constituted "the entire agreement between the [Appellants] and NSA" and, consequently, the forum selection clause was added to the 1994 annual renewal agreement without any consideration. Appellants also argue that the cause of action accrued, at least in part, prior to inclusion of the clause in the 1994 annual renewal agreement. The flaw in this argument is that it fails to recognize that pursuant to the original 1990 distributorship agreement, Appellants' continued relationship with NSA was specifically conditioned upon their signing annual renewal agreements. Appellants signed the 1994 annual renewal agreement and all subsequent ones which contained the choice of forum clause, the consideration for which was Appellants' right to continue to distribute NSA's products. Appellants' argument is similar to the one made in *SIMM Associates, Inc. v. PNC National Bank,* 1998

1. The concept that a court can decline to exercise jurisdiction which it otherwise could legitimately exercise has been recognized previously by this Court in the doctrine of *forum non conve-* *niens. West Texas Utilities Company v. Exxon Coal USA, Inc.,* 807 P.2d 932, 935 (Wyo.1991); *Booth v. Magee Carpet Company,* 548 P.2d 1252 (Wyo.1976).

WL 961764 (Del.Super. Oct.8, 1998). In that case, SIMM had an agreement with BancOne which was subsequently purchased by PNC. Thereafter, PNC and SIMM executed a "renewal" of the prior agreement between SIMM and BancOne. The "renewal" agreement contained a forum selection clause which was not part of the original agreement between SIMM and BancOne.

> [SIMM] also contends that there was no mutuality of obligation because the forum selection clause was not supported by independent consideration. A valid contract is one that has mutuality of obligation and a remedy between the parties to it. A mutuality of obligation defense cannot be interposed where, as here, the contract is supported by adequate consideration. The fact that there was no consideration given specifically for the forum selection clause does not render the clause invalid where consideration is given for the contract. [SIMM] obviously wanted the advantage of the business.

*SIMM,* 1998 WL 961764 at *5 (citations omitted). Likewise, Appellants wanted the advantage of their business relationship with NSA, demonstrated by their signing of the annual renewal agreements containing the disputed clause. They cannot now complain about the terms and conditions of the contracts they entered into simply because the nature of their relationship with NSA has changed.

■ In addition, it is irrelevant whether part of Appellants' cause of action accrued prior to the addition of the forum selection clause. In some circumstances, parties may, by agreement, limit the place or court in which an action may be brought after a cause of action has arisen. *See* Francis M. Dougherty, *Validity of contractual provision limiting place or court in which action may be brought,* 31 A.L.R.4th 404 § 6 (1984), and cases cited therein.

■ Second, Appellants claim that the clause is relevant only to claims directly based on the contract and, therefore, is inapplicable to their claims for detrimental reliance and fraudulent misrepresentation. A similar argument was ably refuted by the Texas Court of Appeals:

Pleading alternative noncontractual theories of recovery will not alone avoid a forum selection clause if those alternative claims arise out of the contractual relations and implicate the contract's terms. * * * Here, [the appellant's] petition asserts causes of action for breach of contract, negligent misrepresentation, violations of [the Texas Deceptive Trade Practice–Consumer Protection Act], fraud, and gross negligence. Nevertheless, all of the claims arise out of the parties' contractual relations and necessarily implicate the contracts' terms.

*Accelerated Christian Education, Inc. v. Oracle Corporation,* 925 S.W.2d 66, 72 (Texas App.Ct.1996) (citations and footnotes omitted). The forum selection clause in this case states that "any and all claims involving this agreement" are to be brought in the courts of Shelby County, Tennessee. From the face of Appellants' complaint, it is clear that their claims for promissory estoppel and fraudulent misrepresentation necessarily implicate the terms of the contract. "Artful pleading" of noncontract claims to avoid a forum selection clause will not be tolerated. *Lambert v. Kysar,* 983 F.2d 1110, 1121 (1st Cir.1993).

■ Finally, Appellants argue that the original distributorship agreement and the subsequent annual renewal agreements were contracts of adhesion and, as such, the clause should not be enforced. A contract of adhesion is one in which one party to the agreement has little or no bargaining power to vary the terms thereof. *Doctors' Company v. Insurance Corporation of America,* 864 P.2d 1018, 1024 (Wyo.1993). Appellants have provided no evidence that the contracts at issue in this matter were ones of adhesion. The Appellants even admit in their affidavits that they never read the annual renewal contracts before signing them. From the record it is impossible for us to determine the relative bargaining power of the parties or that there was no opportunity for negotiation. The burden of proof is on the party opposing enforcement of the forum selection clause, and we will not indulge in the speculation necessary to make a finding that the contract was one of adhesion. *See Hauen-*

*stein & Bermeister, Inc. v. Met–Fab Industries, Inc.,* 320 N.W.2d 886, 891 (Minn.1982).

## CONCLUSION

Appellants have failed to present any evidence that the forum selection clause is unreasonable, against any public policy of this state, or that the forum of choice in Tennessee is seriously inconvenient. Because Appellants have failed to provide any evidence in opposition to the motion to dismiss, they have failed to satisfy their heavy burden of proof as the party opposing enforcement of a forum selection clause. Therefore, the district court's decision to decline to exercise jurisdiction in this matter and to enforce the forum selection clause did not constitute an abuse of discretion and is hereby affirmed.