# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 8

**OCTOBER TERM, A.D. 2012**

**January 17, 2013**

EDWARD VENARD,

Appellant
(Plaintiff),

v.

JACKSON HOLE PARAGLIDING, LLC, a
Wyoming LLC, TOM BARTLETT, SCOTT
HARRIS, MATT COMBS, JON HUNT,
ANDREW FRYE, and JEFF COULTER,

Appellees
(Defendants).

S-11-0232

*Appeal from the District Court of Teton County*
*The Honorable Timothy C. Day, Judge*

*Representing Appellant:*

> *P. Richard Meyer and Robert N. Williams, Meyer & Williams, Attorneys at Law,*
> *P.C., Jackson, Wyoming.  Argument by Mr. Meyer.*

*Representing Appellees:*

> *Cameron S. Walker, Schwartz, Bon, Walker & Studer, LLC, Casper, Wyoming;*
> *Timothy E. Herr, Herr & Zapala, LLP, San Jose, California; and David G. Lewis,*
> *Jackson, Wyoming.  Argument by Mr. Walker.*

*Before KITE, C.J., and GOLDEN,\* HILL, VOIGT, and BURKE, JJ.*

*BURKE, J., delivers the opinion of the Court; VOIGT, J., files a dissenting opinion.*

*\*Justice Golden retired effective September 30, 2012.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BURKE, Justice.**

[¶1]    Appellant, Edward Venard, filed suit against Appellees in Wyoming district court to recover damages for personal injuries sustained during a paragliding lesson.  Appellees filed a motion to dismiss seeking to enforce a forum selection clause contained in a "Release, Waiver and Assumption of Risk Agreement" that Mr. Venard had signed as a condition of his membership with the United States Hang Gliding and Paragliding Association (USHPA).   Several of the Appellees had signed similar agreements with USHPA, but none of the Appellees was a party to the agreement between Mr. Venard and USHPA.  Based upon the forum selection clause, Appellees contended that California was the appropriate forum for litigation of the dispute.  The district court agreed and granted the motion to dismiss.  Mr. Venard challenges that decision in this appeal.  We reverse.

## ISSUE

[¶2]    Did the district court abuse  its discretion by granting Appellees' Motion  to Dismiss based on a forum selection clause in the Release, Waiver and Assumption of Risk Agreement signed by Mr. Venard?

## FACTS

[¶3]    In August of 2008, Mr. Venard attended a paragliding training clinic at the Palisades Reservoir near Alpine, Wyoming, offered by Appellee, Jackson Hole Paragliding, LLC (JHP).  During the clinic, Mr. Venard was towed in the air by a cable attached to a boat.  He was thirty-five feet in the air when the operation failed and he fell to the ground, suffering severe injuries.  The individual Appellees were involved in the training session as employees, owners, or agents of JHP.

[¶4]    At the time of the incident, Mr. Venard was a member of USHPA.[1]  He had joined USHPA in July, 2008.  In addition to joining USHPA, Mr. Venard also sought a Flight Proficiency Rating to assess his skill level.  As a condition of obtaining both membership in USHPA and a Flight Proficiency Rating, USHPA requires that applicants sign a "Release, Waiver and Assumption of Risk Agreement."   The agreement between Mr. Venard and USHPA provides, in relevant part, as follows:

---

[1] Initially formed as the United States Hang Gliding Association (USHGA), the organization later changed its name to the United States Hang Gliding and Paragliding Association (USHPA).

In consideration of the benefits to be derived from membership in the USHGA, Ed Venard (***Pilot***) and the parent or legal guardian of ***Pilot*** if ***Pilot*** is a minor, for themselves, their personal representatives, heirs, executors, next of kin, spouses, minor children and assigns, do agree as follows:

**A. DEFINITIONS** . . .

3. "***RELEASED PARTIES***" means the following, including their owners, officers, directors, agents, spouses, employees, officials (elected or otherwise), members, independent contractors, sub-contractors, lessors and lessees:

a) The United States Hang Gliding Association, a California Non-profit Corporation (USHGA);

. . .

f) All persons involved, in any manner, in the sports of hang gliding and/or paragliding at the site(s) where ***Pilot PARTICIPATES IN THE SPORT***. "All persons involved" includes, but is not limited to, spectators, hang glider and/or paraglider pilots, powered ultralight pilots, assistants, drivers, instructors, observers, and owners of hang gliding and/or paragliding equipment; . . .

**B. I FOREVER RELEASE AND DISCHARGE** the ***RELEASED PARTIES*** from any and all liabilities, claims, demands, or causes of action that I may hereafter have for ***SPORTS INJURIES***, however caused, even if caused by the negligence (whether active or passive) of any of the ***RELEASED PARTIES***, to the fullest extent allowed by law.

**C. I WILL <u>NOT</u> SUE OR MAKE A CLAIM** against any of the ***RELEASED PARTIES*** for loss or damage on account of ***SPORTS INJURIES***. . . .

**D. I AGREE THAT** this **AGREEMENT** shall be governed by and construed in accordance with the laws of the State of

2

California. All disputes and matters whatsoever arising under, in connection with or incident to this Agreement shall be litigated, if at all, in and before a Court located in the State of California, U.S.A. to the exclusion of the Courts of any other State or Country.

(Emphasis in original.)

[¶5]    Mr. Venard filed suit against Appellees in Wyoming district court on August 4, 2010.  In his complaint, he alleged that the incident occurred "on Palisades Reservoir located partially in Wyoming and partially in Idaho,"[2] that JHP was a Wyoming limited liability company, and that all other defendants were residents of Wyoming.  Appellees answered the complaint, generally denying Mr. Venard's allegations.[3]  Appellees subsequently filed a motion to dismiss based on the forum selection clause contained in the agreement between Mr. Venard and USHPA.  They claimed they were third-party beneficiaries of the agreement and that California was the proper forum for resolution of the dispute.  In support of their motion, Appellees also provided affidavits to Mr. Venard consenting to the jurisdiction of California courts to resolve the litigation.[4]  After a hearing, the district court granted the motion to dismiss, finding that the agreement between Mr. Venard and USHPA was enforceable, and that it required Mr. Venard to file suit against Appellees in California.  The effect of the forum selection clause contained in that agreement is the subject of this appeal.

### STANDARD OF REVIEW

[¶6]    A court may, in its discretion, decline jurisdiction "in recognition of the parties' free and voluntary choice of a different forum."  *Durdahl v. Nat'l Safety Assocs., Inc.*, 988 P.2d 525, 528 (Wyo. 1999).  Such a decision will be reviewed for an abuse of discretion.  *Id.*  A court has abused its discretion when it reasonably could not have concluded as it did.  *Ultra Res., Inc. v. Hartman*, 2010 WY 36, ¶ 149, 226 P.3d 889, 935 (Wyo. 2010).

---

[2] In the Order Granting Defendants' Motion to Dismiss, the district court determined that the accident occurred "on the beach of the Palisades Reservoir in Idaho near the Wyoming border."

[3] Appellees Bartlett and Frye denied that they were Wyoming residents.

[4] The affidavits are not in the record on appeal.  Mr. Venard contends that the consents were given after expiration of the California statute of limitations.  We need not determine whether those allegations are accurate or whether the California statute of limitations applies in this case in order to resolve the issue that has been presented.

## DISCUSSION

[¶7]   We begin our discussion by noting that, absent the forum selection clause, there does not appear to be any question that the Wyoming district court had subject matter jurisdiction and personal jurisdiction over all of the parties.  Additionally, absent the forum selection clause, it also appears that Wyoming is the most convenient forum for resolution of the dispute.   Mr. Venard asserts that he is a resident of Wyoming and received paragliding instruction leading up to the events in question in Wyoming.  Appellee, JHP, is a Wyoming limited liability company and most of the individual Appellees reside in Wyoming.   The majority of the potential witnesses appear to be located in Wyoming.

[¶8]   In contrast, there is no evidence to suggest that any of the parties to the litigation had any significant contacts with California.   The incident did not occur in California, and none of the parties to the litigation are residents of California.   The owners of JHP conceded that JHP has no significant contacts with the state of California.   JHP is not a member of USHPA.   In addition, there is no indication that any of the potential witnesses reside in California.

[¶9]   There is, however, a forum selection clause at issue in this case and the question presented is whether it may be enforced against Mr. Venard by Appellees.   Historically, forum selection clauses were disfavored by American courts as contrary to public policy for precluding jurisdiction in a court of rightful authority.   *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972).   The United States Supreme Court, motivated by an expansion of international commerce, abandoned that rationale and eventually accepted the validity of forum selection clauses where "[t]he choice of that forum was made in an arm's-length negotiation by experienced and sophisticated businessmen . . . ." *Id*. at 12, 92 S.Ct. at 1914.   "The elimination of all such uncertainties by agreeing in advance on a forum acceptable to both parties is an indispensable element in international trade, commerce, and contracting." *Id*. at 13-14, 92 S.Ct. at 1915.

[¶10]  Later, the United States Supreme Court expanded its approval of forum selection clauses to some contracts not negotiated at arm's-length.   The Court decided that a forum selection clause contained in a non-negotiated, preprinted passage contract for a cruise liner was valid for a number of reasons:

> First, a cruise line has a special interest in limiting the fora in which it potentially could be subject to suit. . . .  Additionally, a clause establishing *ex ante* the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial

4

motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions.

*Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-94, 111 S.Ct. 1522, 1527, 113 L.Ed.2d 622 (1991). The Court went on to scrutinize the clause for fundamental fairness, stating that the clause was not intended to discourage passengers from pursuing legitimate claims for two reasons--the cruise line's principal place of business was in Florida, and Florida was a main port for the cruise line. *Id*. at 595, 111 S.Ct. at 1528.

[¶11] We joined the majority of jurisdictions in recognizing the enforceability of forum selection clauses with our decision in *Durdahl*, 988 P.2d 525. In *Durdahl*, the forum selection clause at issue was contained in an "Independent Dealer/Distributor Application" executed by the Durdahls and National Safety Associates, Inc. (NSA). *Id.* at 527. The forum selection clause stated, in relevant part, that "the parties hereto agree that any and all claims involving this agreement shall be brought solely in the courts of Shelby County[,] Tennessee." *Id.* We provided insight to the chosen forum by noting that "NSA is located in Memphis, Shelby County, Tennessee." *Id.* Following a contractual dispute, the Durdahls filed suit against NSA in Wyoming district court, asserting causes of action based on breach of contract, promissory estoppel, and fraudulent misrepresentation. *Id.* We framed the issue presented as "whether Wyoming should exercise its discretion to decline jurisdiction over the matter by giving effect to the parties' intent as expressed in their contract." *Id.* at 528.

[¶12] Ultimately, we held in *Durdahl* that "forum selection clauses are *prima facie* valid and will be enforced absent a demonstration by the party opposing enforcement that the clause is unreasonable or based upon fraud or unequal bargaining positions." *Id*. After finding that the Durdahls had "failed to satisfy their heavy burden of proof as the party opposing enforcement of a forum selection clause," we held that "the district court's decision to decline to exercise jurisdiction in this matter and to enforce the forum selection clause did not constitute an abuse of discretion." *Id.* at 530. We noted that our decision was grounded in the "freedom of contract" and furthered the goal of "enhancing contractual predictability." We observed that: "[t]he rationale behind the modern approach to enforcing forum selection clauses is that it serves the salutary purpose of enhancing contractual predictability," and "comports with traditional concepts of freedom of contract and recognizes the present nationwide and worldwide scope of business relations which generate multi-jurisdictional litigation." *Id.* at 527-28 (internal quotation marks and citation omitted). The applicability of our holding in *Durdahl* to the facts of this case is at the heart of this dispute.

[¶13] In *Durdahl*, as in *M/S Bremen* and *Carnival Cruise Lines*, the parties to the litigation were the same as the parties to the contract. All parties had agreed to the forum selection clause. All had consented in advance of the litigation to personal jurisdiction in

5

the forum state. The factual situation presented in this case, however, is fundamentally different from that presented in *Durdahl*. In the present case, the contract containing the forum selection clause was between Mr. Venard and USHPA. USHPA is not a party in this litigation. Because they were not parties to the contract, none of the Appellees had consented in advance to personal jurisdiction in the courts of California for resolution of this dispute.

[¶14] Although Appellees were not parties to the contract between Mr. Venard and USHPA, they contend they are released parties under Mr. Venard's agreement with USHPA and are entitled to enforce the forum selection clause as third-party beneficiaries of the agreement. Further, Appellees assert that, because they are members of USHPA and executed similar agreements with USHPA, they have consented to jurisdiction in California. Appellees also point out that they expressly consented to jurisdiction in California after Mr. Venard filed suit in Wyoming. They contend that because their consent to jurisdiction in California establishes personal jurisdiction there, the forum selection clause should be enforced against Mr. Venard. We do not agree.

[¶15] The district court properly recognized that enforceability of the forum selection clause depended upon whether the defendants were bound by the clause. The district court framed the issue as follows:

> 10. It should be noted that the Court is not concerned with any agreements any Defendants have signed with USHGA. The issue before the Court is the ramifications of Plaintiff's agreement with USHGA. It is uncontested that all of the Defendants are third party beneficiaries of Plaintiff's Release Agreement. **The question is whether Defendants are bound by Plaintiff's forum selection clause as third party beneficiaries.**

(Emphasis added.) Ultimately, the district court concluded that Appellees were bound by the forum selection clause. According to the district court:

> 11. In a California case decided by the Ninth Circuit Court of Appeals, a defendant[5], who was a third party beneficiary to a contract with a forum selection clause, argued that enforcement of the clause, which required his appearance in

---

[5] In the case cited by the district court, the third-party beneficiary to the contract sued as plaintiff. The district court was apparently under the mistaken impression that the third-party beneficiary, TAAG, was the defendant in that case.

Switzerland, was unreasonable because he had not signed the contract. *Taag Linhas Aereas de Angola v. Transamerica Airlines, Inc.*, 915 F.2d 1351 (9th Cir. 1990). *See, Eric H. Lu v. Dryclean-U.S.A. of California*, 11 Cal. App. 4th 1490, 1494 (Cal. App. 1 Dist., 1992). The Ninth Circuit enforced the forum selection clause against the third party beneficiary, stating that "it is well-settled contract law that the scope of a third-party beneficiary's rights is defined by the contract. The Third Circuit has held that a forum selection clause can restrict a third-party beneficiary to the designated forum. We also so hold."

12.    This Court agrees. The relevant contract in this case is the Release Agreement Plaintiff signed with USHGA. In that contract, Plaintiff agreed not to sue for injuries suffered while paragliding and, if he did sue, the complaint would be brought in California. **All Defendants are third party beneficiaries of the contract, and they are bound by the forum selection clause unless the contract is found to be unreasonable according to the *Durdahl* factors**. Defendants' own contracts with USHGA, or lack thereof, are irrelevant.

(Emphasis added.) Consistent with the district court's determination, Appellees contend that, although they are not parties to the agreement between Mr. Venard and USHPA, they are entitled to enforce the forum selection clause contained in the agreement because they are third-party beneficiaries of that agreement. Appellees' reliance on their status as third-party beneficiaries to enforce the forum selection clause is misplaced.

[¶16]  Neither the district court, nor Appellees, have cited to any precedent that is factually similar to the case at hand. The two cases relied upon by the district court are illustrative. When placed in proper context, neither supports the conclusion that Appellees were bound by the forum selection clause.

[¶17]  In *TAAG*, 915 F.2d 1351, plaintiff (the national airline of Angola) filed suit in California seeking to recover commissions due under an air transport agreement. TAAG was not a party to the contract but was the successor in interest to a third-party beneficiary named in the agreement. The contract contained a forum selection provision identifying Switzerland as the sole forum for disputes arising from the contract. The California court granted the defense motion to dismiss. *Id*. at 1353. The result is not surprising. The litigation involved enforcement of the contract containing the forum selection clause. The plaintiff, TAAG, was closely related to the third-party beneficiary because it was the corporate successor to the third-party beneficiary. There was no

7

question that the third-party beneficiary had knowledge of the contract. It was named in the contract and had received commissions under the contract. It was foreseeable to the third-party beneficiary that the forum selection clause would have applied in any action to enforce the contract.

[¶18] The present case is more akin to the situation presented in *Gootnick v. Lighter*, 2005 U.S. Dist. LEXIS 30291, *23 (N.D. Cal. Nov. 15, 2005) where the district court found that the decision in *TAAG* was inapplicable. The court distinguished *TAAG*, stating:

> The promissory note is a single document signed only by defendant Lighter, in his individual capacity, and it makes no reference to the corporate defendants. Plaintiffs have not sought to enforce and collect upon the promissory note, either from Lighter or the corporate defendants, distinguishing this case from *TAAG Linhas Aereas v. Transamerica Airlines, Inc.*, 915 F.2d 1351 (9th Cir. [1990]). The venue selection provision of the promissory note does not apply to these defendants or the claims now being brought against them.
>
> The corporate defendants' motion to dismiss or transfer venue pursuant to the forum selection clause contained in the October 8, 2004 Promissory Note is DENIED.

[¶19] In *Lu*, 11 Cal. App. 4th 1490, the second case relied upon by the district court, plaintiff franchisees entered into an agreement with defendant franchisers and the parent company for a license to operate one of its franchise outlets. The agreement contained a forum selection clause providing that if a dispute arose as a result of the agreement it would be litigated in Dade County, Florida, where the parent company maintained its principal place of business. Subsequently, plaintiffs filed an action in California seeking rescission and damages alleging that defendants misrepresented the advantages of operating a franchise. Defendants then filed a motion to dismiss based on the forum selection clause.

[¶20] The plaintiffs claimed, in part, that the forum selection clause should not be enforced "because two of the defendants, Dryclean Franchise and Dryclean U.S.A., did not sign the Agreement containing the clause." *Id.*, 11 Cal. App. 4th at 1493-94. The appellate court rejected the argument explaining:

> Here, the alleged conduct of Dryclean Franchise and Dryclean U.S.A. is closely related to the contractual relationship. They are alleged to have participated in the fraudulent representations which induced plaintiffs to enter

8

into the Agreement. Indeed, plaintiffs go so far as to allege Dryclean Franchise and Dryclean U.S.A. are the "alter ego" of Dryclean California, which did sign the Agreement containing the forum selection clause. Under these circumstances, the fact that Dryclean Franchise and Dryclean U.S.A. did not sign the Agreement does not render the forum selection clause unenforceable. (*See TAAG Linhas Aereas de Angola v. Transamerica* (9th Cir. 1990) 915 F.2d 1351, 1354; *Manetti-Farrow, Inc. v. Gucci America, Inc.*, supra, 858 F.2d at p. 514, fn. 5; *Coastal Steel v. Tilghman Wheelabrator Ltd.* (3d Cir. 1983) 709 F.2d 190, 203.) To hold otherwise would be to permit a plaintiff to sidestep a valid forum selection clause simply by naming a closely related party who did not sign the clause as a defendant.

*Id.*, 11 Cal. App. 4th at 1494. Again, the result is not surprising. The action initiated by plaintiffs was one clearly arising from the contract. Plaintiffs had agreed to the forum selection clause and the non-party defendants were closely related to one of the parties to the agreement.

[¶21] In forum selection cases involving non-parties to the agreement containing the forum selection clause, many courts have addressed the issue by evaluating the relationship of the non-signatory to the contracting party and determining whether it is foreseeable to the non-signatory that it will be bound. For example, in *Medtronic, Inc. v. Endologix, Inc.*, 530 F. Supp. 2d 1054, 1057 (D. Minn. 2008), the court held that "when deciding whether the [closely-related-party] doctrine applies, a court must answer only the following question: should the third party reasonably foresee being bound by the forum-selection clause because of its relationships to the cause of action and the signatory to the forum-selection clause?" (citing *Marano Enters. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 757 (8th Cir. 2001)); *see also Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1170 (11th Cir. 2009) ("[I]n order to bind a non-party to a forum selection clause, the party must be 'closely related' to the dispute such that it becomes 'foreseeable' that it will be bound."); *Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 456 (9th Cir. 2007); *Lipcon v. Underwriters at Lloyd's*, 148 F.3d 1285, 1299 (11th Cir. 1998). Non-signatories to an agreement containing a forum selection clause that have been found to be "closely related" to the contracting party have included **parent corporations to the contracting party**, *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 510-11 (9th Cir. 1988); **spousal guarantors of the contracting party**, *Lipcon*, 148 F.3d at 1299; **directors of the contracting party**, *Marano Enters., L.P.*, 254 F.3d at 757; **corporations controlled by the contracting party**, *Hugel v. Corporation of Lloyd's*, 999 F.2d 206, 210 (7th Cir. 1993); **agents of the contracting party**, *Bonny v. Society of Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993); **successor corporations to the contracting party**, *Aguas Lenders Recovery Group LLC v. Suez, S.A.*, 585 F.3d 696, 701 (2d Cir.

9

2009); **and corporations affiliated with the contracting party**, *Holland Am. Line*, 485 F.3d at 456; *Lu*, 11 Cal. App. 4th at 1494; *but see Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1297 (3d Cir. 1996) (finding that affiliated corporations could not invoke a forum selection clause because "there is no more reason to disregard the corporate structure with respect to such claims as there would be to disregard it with respect to other legal matters").

[¶22]  In addressing the issue of whether non-signatories should be bound by a forum selection clause, the Seventh Circuit has found that the terms "closely related" and "foreseeability" may be better understood with reference to the principle of mutuality:

> [C]ourts in this country (the significance of this qualification will become clear shortly) enforce forum selection clauses in favor of nonparties "closely related" to a signatory. *Hugel v. Corporation of Lloyd's*, 999 F.2d 206, 209 (7th Cir. 1993); *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988). **That is not an illuminating phrase; nor is recasting it as an issue of "foreseeability" much of a help.  But these vague formulas can be given meaning by reference to the principle of mutuality.  Rejected in recent times in areas of the law ranging from contract to collateral estoppel, the principle of mutuality retains undeniable appeal in regard to the scope of forum selection clauses.**  This case shows why.  Suppose the plaintiffs wanted to sue Refco in Germany.  Since the basis of their claim is that Refco totally controlled the promoters and trustees who are the nominal signatories of the investment contracts, the plaintiffs could argue as a justification for enforcing the forum selection clause in the investment contracts that the clause binds Refco as the secret principal of the signatories.  *See Hodes v. S.N.C. Achille Lauro*, 858 F.2d 905, 912 (3d Cir. 1988); *General Electric Co. v. Siempelkamp GmbH & Co.*, 809 F. Supp. 1306, 1310 (S.D. Ohio 1993), *aff'd*, 29 F.3d 1095 (6th Cir. 1994); *cf. Certain Interested Underwriters at Lloyd's v. Layne*, 26 F.3d 39, 43 (6th Cir. 1994); *Kirno Hill Corp. v. Holt*, 618 F.2d 982, 985 (2d Cir. 1980) (per curiam); *Restatement (Second) of Agency* § 186 (1958). **If so, mutuality requires that Refco be allowed to invoke the clause.  Otherwise the plaintiffs would have a choice of venues but Refco would not, and there is no reason for such an asymmetry of procedural choices.**  All Refco is doing in invoking the forum selection clause to which it is not a party is accepting one of the premises of the

> plaintiff's suit-that the promoters and trustees are indeed simply cat's paws of Refco-and pointing out that the implication is that the investment contracts, including the forum selection clause, are really between the plaintiffs and Refco.

*Frietsch v. Refco, Inc.*, 56 F.3d 825, 827-28 (7th Cir. Ill. 1995) (emphasis added). This discussion in *Frietsch* was succinctly capsulized in *Buffet Crampon S.A.S. v. Schreiber & Keilwerth*, 2009 U.S. Dist. LEXIS 101391, *28 (N.D. Ind. Nov. 2, 2009), as follows: "Pursuant to the principle of mutuality, a non-signatory may invoke a forum-selection clause to the extent the clause could be invoked against it."

[¶23] Importantly, *Durdahl* is not inconsistent with the principles noted above. Our decision in *Durdahl,* and the precedent upon which we relied, was premised upon the freedom to contract. *Nuhome Invs., LLC v. Weller*, 2003 WY 171, ¶ 10, 81 P.3d 940, 945 (Wyo. 2003). Where the parties to a contract agree to a forum selection provision, both have notice of that provision and it can be enforced by, or against, either party to the contract. We enforced the forum selection clause in *Durdahl* because both parties in the litigation had contractually agreed to litigate any dispute arising from that contract in a specific forum. Both parties were bound by the forum selection provision. It was foreseeable to both parties that the dispute would be litigated in the contractually designated forum. Enforcement of the provision furthered the goal of predictability identified in *Durdahl*.

[¶24] In contrast, the forum selection clause at issue in this case is contained in an agreement between Mr. Venard and USHPA. If Mr. Venard had brought suit to enforce the contract against USHPA, the forum selection clause may well be valid and enforceable under the principles articulated in *Durdahl*. By entering into a contract containing a forum selection clause identifying California as the forum for litigation of disputes arising from the contract, the parties to the contract consented to personal jurisdiction in the California courts. Enforcement of the forum selection clause in that situation would give effect to the intentions of the parties as expressed in the contract and would further the recognized goals of efficiency and predictability.

[¶25] In the present case, however, Mr. Venard did not bring suit to enforce that contract. Indeed, none of the Appellees were parties to that contract. In light of these facts, we cannot conclude that Appellees were bound by the forum selection clause contained in the agreement between Mr. Venard and USHPA.

[¶26] Finally, Appellees contend that the district court correctly determined that California could assert jurisdiction over the parties in this matter based on Appellees' similar agreements with USHPA and because Appellees expressly consented to jurisdiction in California after suit was filed. Mr. Venard, however, contends that

Appellees "could have readily and successfully raised a jurisdictional defense to defeat plaintiff's claims had [Appellees] been sued [in California]. Now, secure in [their] hope that the statute of limitations has run, the Appellees have consented to the California Court's jurisdiction and, predictably, made a motion to dismiss Appellant's claims in the case filed by Appellant in California on that basis." Mr. Venard asserts that "enforcement of the clause will likely result in Plaintiff being denied his day in court altogether."

[¶27] While we agree with Mr. Venard that it is questionable whether personal jurisdiction could be established in California based solely on Appellees' separate agreements with USHPA, we need not consider the issue. Whether California could assert jurisdiction over these parties is beside the point. The issue presented, as paraphrased from *Durdahl*, 988 P.2d at 528, and adapted to this case, is whether both parties consented **in advance** to jurisdiction in a selected forum, such that we should give effect to the parties' intent. Neither Appellees' agreements with USHPA, nor their belated consent to jurisdiction in California establish prior consent by Appellees to personal jurisdiction of the California courts to resolve the issues raised in this litigation. Without that prior consent, the justification for enforcement of a forum selection clause expressed in *M/S Bremen*, *Carnival Cruise Lines*, and *Durdahl* is absent.

[¶28] In sum, the forum selection clause contained in the agreement between Mr. Venard and USHPA is not enforceable as between the parties to the present litigation. Appellees were not parties to that contract and did not consent in advance to the jurisdiction of the California courts. Accordingly, we conclude that the district court abused its discretion in dismissing the complaint. We reverse and remand for further proceedings consistent with this opinion.

**VOIGT, J.,** dissenting.

[¶29] I respectfully dissent. The majority finds that the district court abused its discretion in dismissing this suit based upon a forum selection clause contained in an agreement between the appellant and USHPA, and similar agreements signed by several of the appellees. By concluding that the district court abused its discretion, the majority has concluded that the district court could not have reasonably concluded as it did. I disagree. The party arguing that a court reached an unreasonable conclusion bears a heavy burden of proof. *Durdahl v. Nat'l Safety Assocs., Inc.*, 988 P.2d 525, 528 (Wyo. 1999).

[¶30] The United States Supreme Court has recognized the validity of forum selection clauses. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-94, 111 S.Ct. 1522, 1527, 113 L.Ed.2d. 622 (1991); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9, 92 S.Ct. 1907, 1913 (1972). Wyoming follows the modern approach to forum selection clauses, which is to find such clauses *prima facie* valid, "unless the opposing party demonstrates that enforcement would be unreasonable under the circumstances of the case or that it was the result of fraud or unequal bargaining power." *Durdahl*, 988 P.2d at 527.

[¶31] The record contains numerous facts from which the district court could have found reason to give effect to the forum selection clause: USHPA, a first-party member of the agreements containing the forum selection clauses (and releases of liability), is a California non-profit corporation; about 28% of USHPA's membership is from California; the accident occurred in Idaho, not in Wyoming; some of the defendants were not Wyoming residents; and the appellant has traveled to California since the accident. Further, "a clause establishing *ex ante* the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended . . . ." *Carnival Cruise Lines*, 499 U.S. at 593-94, 111 S.Ct. at 1527. "The recognized rationale of enforcing forum selection clauses is that it enhances contractual predictability and comports with traditional concepts of freedom of contract" *Nuhome Invs., LLC v. Weller*, 2003 WY 171, ¶ 10, 81 P. 3d 940, 945 (Wyo. 2003). What the majority has done in this opinion is to render the USHPA agreements and releases ineffective, at least for the 72% of USHPA members who do not reside in California, including several of these appellees.[6] The district court is also left with the difficult prospect of conducting the proceedings under California law, inasmuch as the majority opinion does not go so far as to invalidate the choice of law provision selecting the laws

---

[6] The majority opinion states that the appellees' agreements with USHPA (in which they selected California as the forum state for litigating all disputes under the agreements) does not give the courts of California personal jurisdiction over them. There is no authority cited for that proposition.

of the State of California. The first question under California law should be the effect of the appellant promising in the agreement not to sue the people he is suing.

[¶32] I would affirm.