*174 VOIGT, J.,
dissenting.
[¶ 29] I respectfully dissent. The majority finds that the district court abused its discretion in dismissing this suit based upon a forum selection clause contained in an agreement between the appellant and USH-PA, and similar agreements signed by several of the appellees. By concluding that the district court abused its discretion, the majority has concluded that the district court could not have reasonably concluded as it did. I disagree. The party arguing that a court reached an unreasonable conclusion bears a heavy burden of proof. Durdahl v. Nat'l Safety Assocs., Inc., 988 P.2d 525, 528 (Wyo.1999).
[¶ 30] The United States Supreme Court has recognized the validity of forum selection clauses. - Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593-94, 111 S.Ct. 1522, 1527, 113 L.Ed.2d 622 (1991); M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 9, 92 S.Ct. 1907, 1913, 82 L.Ed.2d 513 (1972). Wyoming follows the modern approach to forum selection clauses, which is to find such clauses prima facie valid, "unless the opposing party demonstrates that enforcement would be unreasonable under the cireumstances of the case or that it was the result of fraud or unequal bargaining power." Durdahl, 988 P.2d at 527.
[¶ 31] The record contains numerous facts from which the district court could have found reason to give effect to the forum selection clause: USHPA, a first-party member of the agreements containing the forum selection clauses (and releases of liability), is a California non-profit corporation; about 28% of USHPA's membership is from California; the accident occurred in Idaho, not in Wyoming; some of the defendants were not Wyoming residents; and the appellant has traveled to California since the accident. Further, "a clause establishing ex ante the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended...." Carnival Cruise Lines, 499 U.S. at 593-94, 111 S.Ct. at 1527. "The recognized rationale of enforcing forum selection clauses is that it enhances contractual predictability and comports with traditional concepts of freedom of contract" Nuhome Invs., LLC v. Weller, 2008 WY 171, ¶ 10, 81 P.3d 940, 945 (Wyo.2003). What the majority has done in this opinion is to render the USHPA agreements and releases ineffective, at least for the 72% of USHPA members who do not reside in California, including several of these appellees.[6] The district court is also left with the difficult prospect of conducting the proceedings under California law, inasmuch as the majority opinion does not go so far as to invalidate the choice of law provision selecting the laws of the State of California. The first question under California law should be the effect of the appellant promising in the agreement not to sue the people he is suing.
[¶ 32] I would affirm.

. The majority opinion states that the appellees' agreements with USHPA (in which they selected California as the forum state for litigating all disputes under the agreements) does not give the courts of California personal jurisdiction over them. There is no authority cited for that proposition.